E-FILED
Friday, 18 December, 2009  03:33:07 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| ANDY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-cv-03295-JES-BGC |
| ) | |
| WASHINGTON POST COMPANY, DANIEL ) | Magistrate Judge Byron G. Cudmore |
| MORSE, SCOTT SHIRLEY, d/b/a ADD ) | |
| PRODUCTION, GOOGLE, INC., JOHN ) | |
| GILCHRIST, a/k/a JOHN BORLAZA, JIM ) | |
| BROSEMER, MONTGOMERY COUNTY, ) ) | |
| MARYLAND, JOHN J. McCARTHY, JOHN ) | |
| DOE AGENT OF MARK KIRK and/or ) | |
| BARACK HUSSEIN OBAMA, WILLIAM G. ) | |
| SIMMONS, EUGENE WOLFE, CHERYL ) | |
| McCALLY, ) | |
| ) | |
| Defendants. ) | |

## COMBINED MOTION AND SUPPORTING MEMORANDUM OF DEFENDANT DANIEL MORSE TO DISMISS THIS ACTION FOR PLAINTIFF'S VIOLATION Of INJUNCTION ORDER <u>REQUIRING PLAINTIFF TO DISCLOSE HIS *pro se* LITIGATION HISTORY</u>

David P. Sanders
Wade A. Thomson
JENNER & BLOCK LLP (#40400)
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350

Donald M. Craven (#6180492)
DONALD M. CRAVEN, P.C.
1005 North Seventh Street
Springfield, IL 62702
Telephone: (217) 544-1777

Defendant Daniel Morse ("Morse"), by his attorneys, respectfully moves this Court for entry of an order (I) dismissing this action with prejudice as a sanction for plaintiff's violation of a final permanent injunction order that imposes restrictions on his filing of new lawsuits, and (ii) deferring briefing on "Defendant Daniel Morse's Rule 12 Motion to Dismiss Or, In the Alternative Motion to Transfer Under 28 U.S.C. § 1404 and to Defer Briefing on This Motion" (the "Rule 12 Motion"). Morse respectfully submits that the Court should rule on the instant motion before ordering briefing on the Rule 12 Motion because this Motion addresses whether the Court should even allow Martin to maintain this action when he has filed it in violation of a federal injunction against him, and because the Rule 12 Motion will be moot if the Court grants this motion. In support of this motion, Morse states as follows:

## INTRODUCTION

1. This lawsuit is filed by a repeatedly-sanctioned *pro se* litigant, Andy Martin ("Martin").[1] Martin has filed countless *pro se* lawsuits, in courts around the county. *Martin v. State*, 833 So.2d 756, 760 n.2 (Fla. 2002) ("Martin has filed literally thousands of lawsuits across the nation and is particularly malicious in his abuse").

2. This lawsuit arises out of a simple property dispute between Martin and defendant Scott Shirley, a videographer who lives in Maryland, over the rights to a videotape that Shirley made of one of Martin's "conferences" concerning President Obama's birth certificate. According to the Complaint, Martin pursued consumer complaints against Shirley who then filed a lawsuit against Martin in Montgomery County, Maryland. Based on this dispute over the videotape, Martin has now alleged a broad "criminal" civil rights conspiracy to interfere in Martin's candidacy for the

---

[1] Plaintiff was formerly known as Anthony R. Martin-Trigona and has filed many of his lawsuits under that name.

United States Senate from Illinois. (Comp. pp. 1-2, 7-11, 13-14.) Martin has sued not only Shirley, but also Daniel Morse, a Washington Post reporter, who was conducting reporting on the dispute between Shirley and Martin; The Washington Post, which never published an article based on Morse's reporting; Montgomery County, Maryland, the forum for Shirley's lawsuit against Martin; three Montgomery County judges who have heard portions of that lawsuit; the State's Attorney for Montgomery County; Google (based on its ownership of YouTube, which allegedly posted the videotape in issue), and others.

3. Martin's penchant for filing harassing and frivolous lawsuits like this one led a federal court to enter a permanent injunction barring Martin from filing *any* new lawsuit without attaching to the complaint an informational statement detailing his vexatious litigation history (the "Injunction Order"). *In re Martin-Trigona,* 592 F. Supp. 1566, 1573 (D. Conn. 1984). This injunction has been affirmed by the United States Court of Appeals for the Second Circuit, and is final and binding. 763 F.3d 140 (2d Cir. 1985), *cert. denied,* 474 U.S. 1061 (1986). Nonetheless, Martin has repeatedly violated the Injunction Order by continuing to file scores of *pro se* lawsuits without attaching the court-ordered informational statement.

4. Courts across the country, including federal district courts and state courts in Illinois, have dismissed Martin's *pro se* lawsuits as a sanction for his violations of the Injunction Order. *See, e.g., Martin v. Brock*, 07 C 3154 (N.D. Ill.) (June 25, 2007 Order) (Exhibit A hereto); *Martin v. Akerson*, No. 08 C 3812 (N.D. Ill.) (Oct. 21, 2008 Order) (Exhibit B hereto.); *Martin v. New York Times Co. et al.*, No. 08 L 407 (DuPage County, Ill.) (A copy of the relevant 2008 Order and Transcript are attached as Exhibit C hereto); *Andy Martin v. Robert Gibbs*, et. al., No. 2009 MR 111

(DuPage County, Ill.) Morse respectfully moves this Court dismiss this action with prejudice as a sanction for Martin's violation of the Injunction Order.

5. Morse also moves this Court to defer briefing on the Rule 12 Motion until after the Court rules on this Motion. Morse should not be required to incur the expense of responding to a complaint that Martin has filed in violation of an injunction order.

## BACKGROUND

### Martin's Long History of Abusive Litigation and Sanctions

6. For more than three decades, Martin has abused the judicial process by filing countless *pro se* lawsuits arising out of far-flung claims of conspiracy and other theories. His previous actions have included claims of a "Jewish conspiracy of bankruptcy judges and lawyers" and complaints against former Presidents Ronald Reagan, Jimmy Carter and Gerald Ford, the State Department, the FCC, law firms representing opposing parties, judges, public officials, public agencies, and news organizations based upon a variety of conspiracy and other theories. *See Martin-Trigona v. Chicago Tribune*, 1991 WL 125954, at *1-2 (N.D. Ill. June 28, 1991) (Exhibit D hereto); *Martin-Trigona v. Capital Cities/ABC, Inc.,* 546 N.Y.S.2d 910, 912 (N.Y. Sup. Ct. 1989). As one court stated, "Anthony Martin-Trigona will file suit against anyone who does not acquiesce in whatever claim he asserts, regardless of the objective facts." *Martin-Trigona*, 546 N.Y.S.2d at 912.

7. Many of Martin's frivolous *pro se* complaints flow from his unabashed attempts for publicity. Martin has unsuccessfully run for various public offices (including for President) at least

-3-

14 times.[2] Martin conjures up enemies, and attacks them with harassing complaints, which he publicizes via "press releases" or notices on his blogs. As one federal judge aptly summarized:

> [Martin-Trigona] is a litigious individual who likes publicity. . . When he isn't filing frivolous lawsuits and/or running for public office, Martin-Trigona amuses himself by taking ridiculous public actions and making outrageous public statements to the press. . . . [Martin-Trigona] is the source of literally hundreds of lawsuits, motions and miscellaneous pleadings, all but a small fraction of which lack any merit whatsoever. Viewing Martin-Trigona's litigious conduct in its entirety yields the inescapable conclusion that he persistently resorts to legal processes without regard to the merits of the claims asserted and that he invokes these processes largely to harass persons who have unluckily crossed his path.

*Martin-Trigona*, 1991 WL 125954, at *1-2. This judicial finding from 1991 is as applicable today as it was then. Recently, Martin filed a *pro se* lawsuit in Hawaii seeking President Obama's birth certificate (which was dismissed), and a lawsuit in Springfield to block impeachment proceedings against Governor Rod Blagojevich. He also recently has sued the Chicago Tribune, the Associated Press, the New York Times, Rupert Murdoch, Keith Olbermann of MSNBC, the press secretary to the President, editorial page writers, American Express, and a wide array of other perceived enemies (now including The Washington Post). All of these cases have been dismissed.

8.  Courts across the nation have condemned Martin's abuse of the court system. To take just a handful of examples:

- The Supreme Court of Florida described Martin as: "one of this State's most active, as well as abusive, pro se litigants…This Court has the authority, perhaps even the duty, to stop litigants like Martin from abusing it and the people, as the Second

---

[2] In connection with his candidacy for the 2006 Republican gubernatorial nomination in Illinois (a race in which he failed to garner even 1% of the vote), Martin filed numerous lawsuits throughout the State of Illinois against various media entities and public officials. Each case was dismissed. These cases include (i) a lawsuit in Sangamon County, captioned *Andy Martin v. The Associated Press*, No. 2006 MR 104, in which Martin sued the Associated Press for defamation based exclusively on its description of him as a "little known" candidate; (ii) a lawsuit in Lake County, captioned *Andy Martin v. Daniel J. Schmidt, et. al.*, No. 06 CH 428, in which he sued the Chicago public broadcasting television station for allegedly conspiring with "right wing extremists" to exclude him from a broadcast debate; (iii) a lawsuit in Champaign County, captioned *Andy Martin v. Harold Baker*, No. 06 L 17, in which Martin sued federal and state judges, the county sheriff and state's attorney, among others, as a "courthouse gang" who conspired to harm his campaign; and (iv) a lawsuit, initially filed in Lake County, captioned *Martin v. Chicago Tribune et al.*, No. 06 CH 11621, challenging newspaper reports on the results of a gubernatorial candidates poll.

> Circuit put it, "who have unluckily crossed his path."… *Martin v. State of Florida*, 747 So. 2d 386, 387-92 (Fla. 2000) (internal citation omitted.).

- The United States Court of Appeals for the Eleventh Circuit noted that "[t]he purpose, nature and effect of [Martin's] resort to multiple litigation has been to involve as many persons in as many confounding legal processes as possible….Volumes could be written about Anthony Martin-Trigona's vexatious lawsuits, but any such a treatise would have to contain annual pocket parts to provide any hope of keeping current." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1385-86 (11th Cir. 1993).

- The New York Supreme Court stated that Martin's "history demonstrates a pattern of commencing claims without any legitimate basis as a means of harassing his adversaries," and as such, the court has an "interest in preventing the waste of judicial resources taken up by Anthony Martin-Trigona that are stolen from the general public and the other litigants who have genuine claims." *Capital Cities/ABC, Inc.,* 546 N.Y.S.2d at 912.

9.      Martin's abusive use of litigation to advance his personal and publicity agendas has led numerous state and federal courts to sanction him for filing countless merit less lawsuits *pro se*. For example, he has been permanently enjoined from making any *pro se* filings in the state courts of New York and Florida without prior judicial approval.  *See Capital Cities/ABC, Inc.,* 546 N.Y.S.2d at 912; *Martin v. State*, 833 So.2d 756, 760 (Fla. 2002).

10.     Moreover, Martin's disregard for judicial authority has resulted in various other contempt orders and sanctions.  For example, in 2003, the Presiding Judge of the Law Division of the Circuit Court of Cook County, Illinois entered a sanctions order against him in *Martin v. LaSalle Bank et al.*, 01 L 15132, prohibiting him from filing *any* new pleading or complaint in Cook County without leave from the Chief Judge. (Exhibit E hereto.)  The Cook County Order is presumably why Martin moved his litigation mill to DuPage County and now Sangamon County — counties in which he does not even reside.

## The Permanent Injunction Against Martin Applies To All New Lawsuits

11. In 1983, the United States District Court for the District of Connecticut entered an Order of Permanent Injunction (the "Injunction Order"), requiring that Martin attach to any new Complaint in state or federal court an "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant to Court Orders" ("Informational Statement"), detailing his vexatious litigation history. *In re Martin-Trigona,* 592 F. Supp. 1566, 1573 (D. Conn. 1984). The United States Court of Appeals affirmed the injunction, which remains final and binding on Martin. 763 F.3d 140 (2d Cir. 1985), *cert. denied,* 474 U.S. 1061 (1986).

12. In entering the injunction, the district court made detailed findings about Martin's litigation history as of that time, including the following:

> [Martin] has pursued his numerous legal actions with persistence, viciousness, and general disregard for decency and logic.…His tour through the court system is marked by a persistent refusal to cooperate with court orders and purposeful efforts to delay and jaundice court proceedings.…[Martin's] recent suits have taken on the ugly taint of anti-Jewish bigotry and suggest a substantial deterioration of an already problematic personality. In one such action…he referred to [a judge] as a "crooked, slimy Jew, who has a history of lying and thieving common to members of his race."…[F]or those victimized by his accusations, including the system for the administration of justice in this District and other jurisdictions where he may bring actions or otherwise interfere in ongoing litigation, there can be no adequate remedy at all.…The persistence of his litigation thus constitutes an irreparable injury to those who become mired in it.

*In re Martin-Trigona*, 573 F. Supp. 1245, 1261-67 (D. Conn. 1983). Subsequently, the court has refused to modify the injunction, noting that "[w]hat [Martin] has done has been to subvert so substantially the purposes of the legal process as to be deemed properly stripped of the opportunity to continue to do so." *In re Anthony R. Martin-Trigona*, 139 B.R. 69, 70 (D. Conn. 1992).

13.     Martin has repeatedly flouted the Injunction Order by choosing not to attach the court-mandated Informational Statement to the countless lawsuits he has filed since the Injunction Order was entered. He has filed at least 12 lawsuits in Illinois since 2006 alone, in which he did not attach the Informational Statement to his complaint.[3] Indeed, Morse's counsel, after research, is not aware of any case where Martin attached the Informational Statement mandated by the Injunction Order.

**ARGUMENT**

**I.    THIS COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE BASED ON PLAINTIFF'S VIOLATION OF THE INJUNCTION ORDER.**

14.     This Court should exercise its inherent authority and dismiss this action with prejudice as a sanction for Martin's violation of the Injunction Order. It is well-established that a court has the inherent authority to sanction a plaintiff, including by dismissing his complaint with prejudice, who fails to comply with court orders or shows deliberate disregard for court authority. *E.g., Martin-Trigona v. Gellis & Mellinger*, 830 F.2d 367, 369 (D.C. Cir. 1987) (dismissing complaint for Martin's failure to abide by Injunction Order); *In re Anthony R. Martin-Trigona*, 795 F.2d 9, 12 (2d Cir. 1986) ("we believe it necessary once again to exercise our inherent power to protect our jurisdiction from [the] vexatious conduct" of Martin); *Martin v. Akerson*, No. 08 C 3812 (N.D. Ill.) (Oct. 21, 2008 Order) (Ex. B); *Martin v. Brock*, 07 C 3154 (N.D. Ill.) (Ex. A) (dismissing

---

[3] These cases include (i) *Martin v. Ray Lahood*, No. 08 CH 1859, which was dismissed for want of prosecution on May 15, 2008; (ii) *Martin v. Special Forces Club*, 07 L 490; (iii) *Martin v. Rod Blagojevich, Alexi Giannoulias, et al*, 07 MR 1310, which was dismissed for want of prosecution on August 21, 2008; (iv - vii) the 2006 election-related cases discussed *supra* n. 2; (viii-xi) the cases discussed *infra* at ¶¶ 17-21; and (xii) the instant matter.

complaint for Martin's failure to abide by Injunction Order); *Martin v. US Dep't of State*, 245 F. Supp. 2d 92, 93-94 (D.D.C. 2003) (same).[4]

15. Rule 41(b) of the Federal Rules of Civil Procedures also provides a basis for dismissing a case for failure to comply with an injunction. Specifically, Rule 41(b) provides that a court may enter an involuntary dismissal of a case "[f]or failure of the plaintiff to prosecute or to comply with [the Civil Rules] or any order of the court." Courts have applied this rule to dismiss Martin's lawsuits for violation of the Injunction Order. *See, e.g., Martin-Trigona v. Gellis & Mellinger*, 830 F.2d at 369; *Martin v. US Dep't of State*, 245 F. Supp. 2d at 93-94.

16. Courts across the country have invoked their inherent authority and dismissed Martin's lawsuits as a sanction for his violation of the Injunction Order.[5] In the past two years alone, federal and state courts in Illinois have dismissed Martin's lawsuits for failure to attach the required Informational Statement in violation of the Injunction Order. *See Martin v. Brock*, 07 C 3154 (N.D. Ill.) (June 25, 2007 Order) (Exhibit A); *Martin v. Chicago Tribune et al.*, No. 06 CH 11621 (Cook County, Ill.) (Jan. 7, 2008 Order) (Exhibit F); *Martin v. Akerson*, No. 08 C 3812 (N.D. Ill. 2008) (Oct. 21, 2008 Order) (Exhibit B); *Martin v. New York Times Co. et al.*, No. 08 L 407 (DuPage

---

[4] Illinois courts also follow this basic rule that trial courts have the power to control their own dockets and are empowered with the discretion to impose sanctions, including dismissal, to prevent themselves from being manipulated by violators of court orders and litigants who show deliberate and continuous disregard for court authority. This "inherent authority to sanction litigants, including by dismissal of a case with prejudice, exists "independent of any statute." *Sander v. Dow Chemical Co.*, 166 Ill.2d 48, 66-67, 651 N.E.2d 1071, 1080 (1995) ("judicial authority to dismiss a cause of action with prejudice [is] 'the most effective sanction' against the disregard of court orders"); *see Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 191, 698 N.E.2d 189, 193 (2d Dist. 1998); *Nicholson v. Chicago Bar Ass'n,* 233 Ill.App.3d 1040, 1045, 599 N.E.2d 1132, 1136 (1st Dist. 1992) (courts have inherent authority to dismiss a plaintiff's action with prejudice for failure to abide by court orders); *see also J.S.A. v. M.H.*, 224 Ill.2d 182, 196 (2007); *Redelmann v. K.A. Steel Chemicals, Inc.*, 377 Ill. App.3d 971, 976-77 (1st Dist. 2007); *Welch v. City of Evanston*, 181 Ill. App. 3d 49, 56, 536 N.E.2d 866, 871 (1st Dist. 1989).

[5] *E.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (affirming dismissal for Martin's failure to attach litigation history as required by Injunction Order); *Martin-Trigona v. Public Broadcasting Service,* 840 F.2d 11 (4th Cir. 1988) (same); *Martin-Trigona*, 830 F.2d at 369 (affirming dismissal for Martin's failure to comply with Injunction Order, and finding that Martin's "deliberate disregard of the court's authority and the force of its orders is so utterly inconsistent with the administration of justice and orderly conduct of business that it cannot be tolerated."); *Martin v. Suarez*, No. 05 CV 2194, 2007 WL 2572235 (N.D. Ohio Aug. 31, 2007) (Exhibit G hereto) (same, and citing additional 6th Circuit decisions holding same); *Martin*, 245 F. Supp. 2d at 93-94 (same); *Martin v. Coca-Cola Co.*, 785 F. Supp. 3 (D.D.C. 1992) (same); *Martin-Trigona v. United States*, 779 F.2d 72, 74 (D.D.C. 1985) (same).

County, Ill.) (Exhibit C); *Andy Martin v. Robert Gibbs*, et. al., No. 2009 MR 111 (DuPage County, Ill.)

17.    In *Martin v. Brock*, 07 L 435 (DuPage County, Ill.), Martin failed to attach the required Informational Statement to his complaint. After the defendant removed the case to federal court, Judge Manning dismissed Martin's lawsuit as a sanction for his refusal to attach the Informational Statement. *See Martin v. Brock*, 07 C 3154 (N.D. Ill.) (June 25, 2007 Order) (Exhibit A).

18.    In *Martin v. Chicago Tribune et al.*, No. 06 CH 11621 (Cook County, Ill.), Martin sued the Chicago Tribune and the Associated Press, among others, for news reports of a Republican gubernatorial primary poll without mentioning his name. (*See* Jan. 7, 2008 Order, Exhibit F.) Martin again failed to attach the Informational Statement to his complaint. The court found that Martin had filed his original complaint "in violation of the terms of [the Injunction Order]," and "[a]s a sanction for violation of [the] injunction th[e] Court denie[d] leave to file an Amended Complaint," and dismissed the action with prejudice. (*Id.*)

19.    In *Martin v. Akerson*, No. 08 C 3812 (N.D. Ill. 2008), Martin sued the entire board of directors of American Express Company in DuPage County because that company suspended his credit card account for his admitted nonpayment. Martin again chose not to attach the Informational Statement to his complaint. After defendant removed the case to federal court, Judge Pallmeyer dismissed the lawsuit with prejudice as a sanction for violating the Injunction Order, noting that doing so "appears amply supported by Plaintiff's history." (Oct. 21, 2008 Order, Exhibit B.)

20.    In *Martin v. New York Times Co. et al.*, No. 08 L 407 (DuPage County, Ill.), Martin sued the New York Times in DuPage County over a reference to him in an op/ed piece. Martin

again chose not to attach the Informational Statement to his complaint. The court dismissed the case as a sanction for Martin's violation of the Injunction Order. (Exhibit C.)

21.     In *Andy Martin v. Robert Gibbs*, et. al., No. 2009 MR 111 (DuPage County, Ill.), Martin sued, among others, The New York Times Company; the law firm that had represented that company in obtaining a dismissal of the earlier case against the New York Times; the Press Secretary to the President of the United States; Rupert Murdoch; MSNBC talk show host Keith Olbermann; the former head of the Florida Republican Party; a Florida editorial writer, and others. Martin again failed to attach the required Informational Statement to his complaint, and the judge dismissed the lawsuit as a sanction for Martin's violation of the Injunction Order.[6]

22.     This Court, like the many others cited above, should exercise its authority and dismiss this action with prejudice as a sanction for Martin's violation of the Injunction Order. The Injunction Order is final and binding, and Martin must comply with it unless he convinces the court that entered it to vacate it. *See Lake Shore Asset Mgt. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 765 (7th Cir. 2007) ("Injunctions must be obeyed; there is no other alternative"); *Central States v. Crown Cork & Seal Co., Inc.,* No. 89 C 6943, 1990 WL 36268 (N.D. Ill. March 8, 1990) (unless and until an injunction is dissolved or modified by the issuing court or an appeal, parties are bound to abide by the injunction or may face contempt proceedings). Martin has intentionally violated the Injunction Order by again refusing to submit the Informational Statement — a document designed to educate courts on the type of litigant before them.

23.     For these reasons, this Court should exercise its authority to dismiss this action with prejudice as a sanction for Martin's violating the Injunction Order.

---

[6] The trial court granted Martin an opportunity to cure the violation by filing an amended complaint that attached the required Informational Statement by a specified date. Martin failed to do so, and his lawsuit was later dismissed with prejudice.

**II.  THIS COURT SHOULD RULE ON THIS MOTION BEFORE REQUIRING BRIEFING ON MORSE'S RULE 12 MOTION TO DISMISS.**

24.  Contemporaneous with the filing of this motion, Morse has filed the Rule 12 Motion. The Rule 12 Motion cites numerous grounds for dismissal -- ranging from defects in service, the absence of personal jurisdiction, and improper venue, to the failure of each count of the complaint to state a plausible claim for relief. Morse requests that the Court defer briefing on the Rule 12 Motion until it rules on the instant motion.

25.  Morse should not be required to incur the substantial burden of briefing the issues raised in the Rule 12 Motion when Martin filed, and seeks to prosecute, this case in violation of the Injunction Order. Indeed, requiring Morse to substantially respond to Martin's improperly filed lawsuit with declarations and briefs will thwart a principal purpose of the Injunction Order by allowing Martin to inflict legal expense and inconvenience on a defendant while he uses this Court to litigate a case filed in contravention of a final injunction order against him.

26.  Moreover, the Rule 12 Motion will be moot if the Court grants the instant motion. Accordingly, Morse respectfully moves this Court to rule on this motion before requiring briefing on the Rule 12 Motion.

## CONCLUSION

WHEREFORE, defendant Daniel Morse respectfully requests that this Court enter an order (i) dismissing this action with prejudice for plaintiff's violation of the Injunction Order, and (ii) deferring further proceedings on the Rule 12 Motion until the Court has ruled on this motion.

DANIEL MORSE, Defendant

By:  _____/ s/ Donald Craven_____

        Donald M. Craven (#6180492)
        One of Defendant's Attorneys
        **DONALD M. CRAVEN, P.C.**
        1005 North Seventh Street
        Springfield, IL  62702
        Telephone:    (217) 544-1777
        Facsimile:     (217) 544-0713

        David P. Sanders
        Wade A. Thomson
        JENNER & BLOCK LLP (#40400)
        353 North Clark Street
        Chicago, IL  60654-3456
        Telephone:    (312) 222-9350

## CERTIFICATE OF SERVICE

Donald M. Craven, an attorney, certifies that he caused the attached **COMBINED MOTION AND SUPPORTING MEMORANDUM OF DEFENDANT DANIEL MORSE TO DISMISS THIS ACTION FOR PLAINTIFF'S VIOLATION OF INJUNCTION ORDER REQUIRING HIM TO DISCLOSE HIS *PRO SE* LIGITATION HISTORY** to be served by United States mail, proper first class postage prepaid, on December 18, 2009, upon the following party:

>Andy Martin
>30 E. Huron, Suite 4406
>Chicago, IL   60611-4723
>
>Andy Martin
>P.O. Box 1851
>New York, NY   10150-1851


                                        /s/ Donald M. Craven