**E-FILED**
Friday, 18 December, 2009  03:33:07 PM
Clerk, U.S. District Court, ILCD



Dockets.Justia.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

ANDY MARTIN,                 )

               )

         Plaintiff,        )    No. 06 CH 11621

               )

        v.             )

               )

CHICAGO TRIBUNE NEWSPAPERS, INC.,  )

CHICAGO TRIBUNE COMPANY,      )

THE ASSOCIATED PRESS,          )    Calendar 10

MARKET SHARES CORPORATION,      )

JOHN DOE/JANE ROE          )

               )

        Defendants.      )

### Order

This matter comes to be heard upon the Plaintiff's Motion to File an Amended Complaint and the Opposition to same raised by the Defendants, Chicago Tribune and Associated Press, the Court having reviewed the pleadings and considered the arguments of counsel and the *pro se* Plaintiff,

IT IS HEREBY ORDERED:

(1)    The Motion for Leave to File an Amended Complaint is DENIED for the following reasons:

    a. Count I (False Light) and Count III (Continuing Defamation): Count I and Count III are barred by the statute of limitations, 735 ILCS 5/13-201, as it complains for the first time in this filing of October 10, 2007, that an article first published on February 10, 2006 was defamatory and placed him in a false light. The limitations period on this claim expired on February 10, 2007 and the Court specifically finds that the doctrine of relation back does not apply

herein as Plaintiff complains of an entirely different article than the article cited in the original Complaint.[1][2]

b. Count II (Prima Facie Tort) does not state a recognized cause of action in the State of Illinois.

c. Counts I, II, and III do not state a claim for declaratory relief under the Illinois Declaratory Judgment Act, 735 ILCS 5/2-701. Plaintiff in all three counts, seeks a declaration that he is not anti-semitic and that the Defendants have portrayed his life history in a false light. Plaintiff has failed to meet the "actual controversy" requirement of the Declaratory Judgment Act and is asking for an impermissible advisory opinion from the Court. Semitic

d. The proposed Amended Complaint (as well as the original Complaint) was filed in violation of the terms of an Order of Permanent Injunction issued by the United States District Court for the District of Connecticut and affirmed by the United States Court of Appeals for the Second Circuit. *In re Martin-Trigona*, 592 F. Supp. 1566, 1568, 1573 (D. Conn. 1984), *aff'd*, 763 F.2d 140 (2d Cir. 1985). This permanent injunction provides that the Plaintiff when commencing litigation or participating in proceedings in non-federal courts or other fora must file a document entitled "Informational Statement Concerning Litigation History of Anthony R. Martin - Trigona Pursuant to Court Orders." Plaintiff in this matter has admitted that he intentionally failed to comply with the above referenced injunction in this matter as it was, according to the

---

[1] The Court declines at this time to comment on whether the Plaintiff can actually prove that he was placed in a false light *but see Martin v. Brock*, 07CH3154, Court order dated July 19, 2007 (N.D. Ill.) and cases cited therein.

[2] The Court also notes that Count I fails to state any claim against Associated Press.

2

Plaintiff, an illegal order. As a sanction for violation of this injunction this Court denies leave to file an Amended Complaint.

(2)   Having denied leave to file an Amended Complaint, the Court at the request of the Defendants' in their pleadings, turns its attention to the original Complaint. .The original Complaint alleged a count of "false light." The Complaint seeks an undetermined amount of damages from the Chicago Tribune and a declaration that the "poll" in question is not a valid nonpartisan, and accurate statement of facts and circumstances regarding the Plaintiff. The original Complaint is hereby DISMISSED WITH PREJUDICE for the following reasons:

a. The "false light" claim fails to adequately state a cause of action in that it fails to allege a statement that would be highly offensive to a reasonable person and fails to allege special damages. Further, based on the affidavit of Hanke Gratteau, filed as Exhibit M to the Defendants' Motion for Dismissal, it appears that the allegations of Plaintiff's original Complaint were simply wrong, in that Plaintiff's name was included in the poll in question. It is therefore clear why Plaintiff undertook to file an Amended Complaint with regard to a totally different publication.

b. The original Complaint was also filed in violation of the federal court injunctive order discussed above and the Court finds that dismissal of the action with prejudice is the appropriate sanction for said violation.

WHEREFORE, it is hereby ordered:

(1)   The Motion for Leave to File an Amended Complaint is DENIED.

(2)   This action is DISMISSED WITH PREJUDICE.

3

(3)   The Plaintiff shall file no further pleadings in this action without prior leave of the

Court.

(4)   The pending motions for additional sanctions are DENIED.

Enter:

ENTERED
JUDGE STUART PALMER-1621

JAN 07 2008

Judge Stuart Palmer
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

4