E-FILED  
Friday, 18 December, 2009 03:44:40 PM  
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| ANDY MARTIN, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | No. 3:09-cv-03295-JES-BGC |
|  ) | |
| WASHINGTON POST COMPANY, DANIEL ) | Magistrate Judge Byron G. Cudmore |
| MORSE, SCOTT SHIRLEY, d/b/a ADD ) | |
| PRODUCTION, GOOGLE, INC., JOHN ) | |
| GILCHRIST, a/k/a JOHN BORLAZA, JIM ) | |
| BROSEMER, MONTGOMERY COUNTY, ) ) | |
| MARYLAND, JOHN J. McCARTHY, JOHN ) | |
| DOE AGENT OF MARK KIRK and/or ) | |
| BARACK HUSSEIN OBAMA, WILLIAM G. ) | |
| SIMMONS, EUGENE WOLFE, CHERYL ) | |
| McCALLY, ) | |
|  ) | |
| Defendants. ) | |

**DEFENDANT DANIEL MORSE'S RULE 12 MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**
**UNDER 28 U.S.C. §1404 AND TO DEFER BRIEFING ON THIS MOTION**

Defendant Daniel Morse ("Morse"), by his attorneys, respectfully moves this Court for entry of an order, pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, (I) deferring briefing on this motion until the Court rules on the "Combined Motion and Supporting Memorandum of Defendant Daniel Morse to Dismiss this Action for Plaintiff's Violation of Injunction Order Requiring Plaintiff to Disclose His Pro Se Litigation History" (the "Injunction Violation Motion"), filed contemporaneously with this Rule 12 motion, or, (ii) in the alternative, dismissing this action or, alternatively, transferring this action to the United States District of Maryland pursuant to 28 U.S.C. §1404. In support of this motion, Morse states as follows:

Dockets.Justia.com

## BACKGROUND

### Daniel Morse

1. Morse is a professional journalist employed as a reporter by The Washington Post ("Post") newspaper. He is assigned to the Post's suburban news bureau in Rockville, Maryland, a suburb of Washington, D.C., where he reports news, including news relating to the Maryland suburbs of Washington, D.C. Morse resides in and is a citizen of the District of Columbia.

### The Plaintiff in This Action

2. The plaintiff in this lawsuit is Andy Martin, a repeatedly sanctioned *pro se* litigant ("Martin"). According to one federal court, Martin has filed over a thousand *pro se* lawsuits. He has been barred from filing *pro se* lawsuits in several jurisdictions. He also has been sanctioned on numerous occasions and heavily criticized by courts in judicial opinions for his harassing and vexatious conduct in pursuing his *pro se* cases. Among other things, Martin is the subject of a final and binding federal court injunction that imposed on him, as a sanction for his abusive litigation misconduct, the obligation to attach to every complaint that he files, whether in any federal or state court, an informational statement that details his litigation history (the "Injunction Order"). *In re Martin-Trigona*, 592 F. Supp. 1566, 1568-69, 1573, *aff'd*, 763 F.2d 140 (2nd Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). Courts around the United States have dismissed Martin's *pro se* lawsuits as a sanction for his violation of the Injunction Order. These matters are discussed in the Injunction Violation Motion that Morse is filing contemporaneously with this motion. That motion demonstrates that this Court should dismiss this action -- before ordering any briefing on this Rule 12 motion -- because Martin is improperly seeking to use this Court to prosecute it in violation of a final and binding injunction against him.

**The Complaint in This Action and Removal**

3.  Martin filed the Complaint (Complaint" or "Compl.") *pro se* in this lawsuit in the Circuit Court for the Seventh Judicial Circuit of Illinois.

4.  On November 10, 2009, Morse removed this case to this Court, pursuant to 28 U.S.C. §1441(a). All defendants who had been served with process at that time gave written consent to the removal.

5.  The introduction of the Complaint (page 1) demonstrates the outlandish nature of this lawsuit. Martin asserts that he is the victim of "a mini-Watergate scandal" involving his "political opposition." The actual claims that he alleges arise out of a simple property dispute with defendant Scott Shirley ("Shirley") involving the rights to a videotape that Martin hired Shirley to make of a "conference" Martin conducted concerning President Obama's birth certificate. According to the Complaint, Martin pursued consumer complaints against Shirley, who then filed a lawsuit against Martin in the state court in Montgomery County, Maryland, which is part of the Washington, D.C. metropolitan area. Based on this dispute, Martin has alleged a broad "criminal" civil rights conspiracy among the defendants to interfere in Martin's candidacy for the United States Senate from Illinois. (Comp. pp. 1-2, 7-11, 13-14.) Martin has named as defendants in this action not only Shirley, but also Montgomery County, Maryland; the judges who apparently have presided over the lawsuit in Montgomery County, Maryland; the State's Attorney for Montgomery County, Maryland; Google (based on its ownership of YouTube, which allegedly merely posted the videotape in question) (*id*. p. 14), and others.

6.  Among the many defendants that Martin has sued in this lawsuit are Morse and his employer, the Post. The only allegations against Morse are that he learned of the Maryland state

court lawsuit that the videographer brought against Martin; that Morse spoke with Martin, who furnished documents to Morse; and that Morse conducted telephone interviews of Martin that contained questions about Martin's background that Martin found objectionable. (Compl., pp. 8-10.) Based on these limited contacts, the Complaint asserts that Morse, "either knowingly or unknowingly, was acting in furtherance of the Kirk/Obama scheme to politically harass Plaintiff's campaign for the U.S. Senate." (*Id*., p. 10.)[1] The Complaint does not allege that the Post ever published any news article relating to the matters alleged in the Complaint. Indeed, the Post never published any article regarding Martin's litigation with Scott Shirley.

7. The five-count Complaint itself is virtually incomprehensible. It purports to state claims for damages relating to ownership of the videotape in issue, but then asks for unspecified "declaratory and equitable relief" from "all of defendants" in every count, even though there are no separate allegations directed at specific defendants pertaining to most of the claims asserted.

### Service of Process of Morse

8. Morse was not personally served with the summons and Complaint in this action. Instead, a copy of these documents was left on his desk at his Rockville, Maryland office on October 12, 2009.

### Location of the Parties and Events

9. The focus of the dispute at issue in the case is Montgomery County, Maryland, where Martin pursued a consumer complaint against Shirley, who responded by filing a lawsuit in that

---

[1] Martin is a perennial candidate for public office who has run numerous times but never won any election. Martin now claims to be a candidate in the 2010 Republican state primary for the United States Senate seat from Illinois. "Kirk" apparently refers to United States Representative Mark Kirk, who also is running for that nomination.

county's court against Martin.  As a result, Martin has now sued, among others, Montgomery County, Maryland, its State's Attorney, and the local judges handling his case in this action.  The Complaint alleges no facts showing any contacts between Morse (or any other defendant) and Illinois.  None of the defendants is alleged to be a resident or citizen of Illinois.  They plainly are not.  Moreover, the Complaint does not allege a single event that physically took place in the State of Illinois.  Indeed the plaintiff himself has no ties to Springfield, Illinois, where he filed this lawsuit.[2]  The signature block on his *pro se* complaint first lists plaintiff's address as a post office box for the "National Litigation Center" in New York City, and then lists an address at the "Regional Litigation Support" in Chicago, Illinois, where Martin sometimes resides.

## ARGUMENT

### Rule 12(b) Motions to Dismiss

10.     The Court should dismiss this action under Rule 12 on one or more of the grounds discussed below.

### The Rule 12(b)(5) Grounds

11.     This Court should dismiss this action under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service.  Morse purportedly was served with process when the Complaint and summons were left on his desk in his office in Rockville, Maryland.  Under Rule 4(e)(1), a defendant must be served either as permitted by state law in the state where the district court is located (Illinois in this case) or where service has been made (here, Maryland), or under

---

[2] Martin is the subject of a final order barring him from filing any more *pro se* lawsuits in the Circuit Court of Cook County, Illinois without prior leave of the Chief Judge of that court.  In addition, as noted below, courts in DuPage County, Illinois have dismissed several of his recent lawsuits there.

Rule 4(b)(2), by personal service on the defendant, service at the defendant's dwelling or usual place of abode with someone of suitable age residing there, or by service on an agent of the defendant authorized by law or appointment to receive it. As Morse will show in a declaration to be filed in this action, the service on Morse did not comply with any of these requirements, rendering the purported service on him insufficient.

### Rule 12(b)(2) Grounds

12.  The Court should dismiss this action as to Morse for lack of personal jurisdiction under Rule 12(b)(2). Martin purported to serve Morse, a resident of the State of Maryland, in Maryland. Martin has failed to plead any facts in his Complaint showing that this Court has personal jurisdiction over Morse for such out-of-state service under the Illinois "long-arm" statute (735 ILCS 5/2-209) based on acts in Illinois which would submit him to jurisdiction of Illinois courts. The exercise by courts in Illinois of jurisdiction over Morse would therefore violate the due process clause of the United States Constitution.

### Rule 12(b)(3) Grounds and Alternative Motion to Transfer

13.  This Court should dismiss this action for improper venue under Rule 12(b)(3). Under 28 U.S.C. §1391(b), a civil action, like this, where jurisdiction is not founded solely on diversity jurisdiction, venue is proper only in a district where (1) "any defendant resides; if all defendants reside in the same State," or (2) a district in which "a substantial part of the events or omissions giving rise to the claim occurred . . .," or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. The Complaint does not allege any facts showing that venue would be proper under these standards in this district, which

encompasses Springfield, Illinois, where Martin initiated this action. He cannot allege such facts because the dispute has no ties to this district, in which Martin himself does not even reside.

14. In the alternative, even if venue in this district were proper, this Court is empowered to, and should, transfer this action to the District of Maryland under 28 U.S.C. §1404(a) for "the convenience of parties and witnesses" and in "the interest of justice." The entire basis of this lawsuit is Martin's dispute with the videographer over the videotape of his "conference" held in Washington, D.C., and the ensuing litigation in Montgomery County, Maryland. No party resides in this district; no non-party witness to the conduct alleged even resides in the State of Illinois, let alone in this district; and the Complaint does not suggest any connection at all to this district.

### Rule 12(b)(6) Grounds

15. This Court should dismiss each count of the Complaint under Rule 12(b)(6) for failure to state a claim against Morse. Each count of the Complaint seeks identical relief from Morse and all of defendants (other than Shirley and Brosemer): "any and all declaratory and equitable relief to which he may be entitled from all of the defendants, jointly and severally, known and currently unknown ('John Doe agent of Mark Kirk and/or Barack Hussein Obama')." Each count fails to allege facts showing that Martin has a plausible claim for relief against Morse.

16. The Complaint asserts an "Ownership Claim" in Count 1. That count apparently alleges that Martin, and not Shirley, owns the rights to the videotape that Shirley made of Martin's "conference," but does not specify any recognized legal theory. (Compl. p. 12.) This Court should dismiss Count 1 for failure to state a claim for, among other reasons, the following:

    a. Count 1 fails to allege any facts showing Morse has retained the videotape, claims any interest to it, or has converted it. As a result, Martin has not pled a plausible claim against Morse relating to ownership of the tapes at issue; and

  b.  Count 1 fails to allege facts showing that Martin has a plausible claim for equitable or declaratory relief against Morse.

17. Count Two purports to state a claim for a civil rights conspiracy against all defendants for "using bogus legal proceedings and other activity to corrupt local Democratic Party officials in order to harass a federal candidate of the Republican Party, all 'under color' of state law." The Court should dismiss Count Two for failure to state a claim against Morse for, among other reasons, the following:

  a.  Count Two fails to state a claim against Morse because it does not allege any facts showing any actionable conduct by Morse, whose only conduct alleged is interviewing Martin and reviewing documents for a possible news story;

  b.  the conduct fails to allege facts showing a plausible claim that Morse knowingly engaged in any conspiracy or engaged in any act under color of state law;

  c.  the conduct upon which Martin bases his claims against Morse is newsgathering activity protected by the First Amendment to the United States Constitution; and

  d.  Count Two fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Morse.

18. Count Three purports to state a claim for "conversion" based on defendant Shirley's conversion of Martin's intellectual property and his alleged use of it to attack Martin on YouTube. This Court should dismiss Count Three for failure to state a claim for, among other reasons, the following:

  a.  Count Three fails to allege any facts showing that Martin has a plausible claim for conversion against Morse, in that it does not allege any facts showing that Morse ever converted any property of Martin or participated in the YouTube posting; and

  b.  Count Three fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Morse.

19. Count Four purports to state a claim for "prima facie tort" under Illinois law. Count Four fails to state a claim against Morse for, among other reasons, the following:

   a. Neither Illinois nor Maryland law recognizes a cause of action for prima facie tort; and

   b. Count Four fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Morse.

20. Count Five purports to state a claim for "breach of contract/third party beneficiary" relating to a contract between defendants Shirley and Gilchrist, claiming that Martin is a third-party beneficiary and entitled to the videotapes that Shirley is withholding. Count Five fails to allege facts showing that he has a plausible claim against Morse for breach of contract for, among other reasons, the following:

   a. It does not allege facts showing that Morse was a party to the allegedly breached contract, of which Martin supposedly is a third-party beneficiary; and

   b. Count Five fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Morse.

### The Injunction Violation Motion to Dismiss

21. As discussed above, Morse is also filing in this action the Injunction Violation Motion. The Injunction Violation Motion requests that this Court dismiss this action with prejudice as a sanction for Martin's violation of the Injunction Order, as many other courts have done.

22. As his litigation history shows, Martin uses litigation to harass his perceived enemies. As detailed in this Rule 12 Motion, Martin's claims are riddled with procedural and substantive defects requiring dismissal of this action. Morse respectfully submits that he should not be required to incur the burden of briefing all of the issues raised in this motion when Martin has filed, and seeks to prosecute, this case in clear and intentional violation of a permanent injunction. Instead, this

Court should rule on the Injunction Violation Motion before requiring briefing on the instant Rule 12 motion because the Injunction Violation Motion addresses whether Martin will be allowed to conscript this Court to hear his claims when the very filing of the lawsuit violates a final federal court injunction against him.  Moreover, the instant motion will be moot if the Court grants the Injunction Violation Motion.

**WHEREFORE**, Defendant Daniel Morse respectfully requests that this Court enter an order providing as follows:

a. that all further proceedings, including briefing on this motion, are stayed pending resolution of the Injunction Violation Motion;

b. in the alternative, that this Court dismiss this action under Rules 12(b)(2),(3),(5) and/or (6);

c. in the alternative, that this Court transfer this action to the United States District Court for the District of Maryland under 28 U.S.C. §1401; and

d. that the Court order such other relief as it may deem just and proper.

DANIEL MORSE, Defendant

By: _____/ s/ Donald Craven_____
Donald M. Craven (#6180492)
One of Defendant's Attorneys
**DONALD M. CRAVEN, P.C.**
1005 North Seventh Street
Springfield, IL   62702
Telephone:   (217) 544-1777
Facsimile:   (217) 544-0713

David P. Sanders (#2452359)
Wade R. Thomson (#6282174)
JENNER & BLOCK LLP (#40400)

        353 North Clark Street
        Chicago, IL   60654-3456
        Telephone:    (312) 222-9350

**PROOF OF SERVICE**

I hereby certify that on December 18, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: NONE and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    Andy Martin                               Andy Martin
    30 East Huron St., Suite 4400         P. O. Box 1851
    Chicago, IL   60611-4723               New York, NY   10150

and other named Defendants.

        /s/ Donald M. Craven
        Donald M. Craven
        ARDC #6180492
        **Donald M. Craven, P.C.**
        1005 North Seventh Street
        Springfield, IL   62702
        Phone:   217/544-1777
        Facsimile:   217/544-0713
        E-Mail:   don@cravenlawoffice.com

        David P. Sanders (#2452359)
        Wade R. Thomson (#6282174)
        **JENNER & BLOCK LLP**
        353 North Clark Street
        Chicago, IL   60654-3456
        Telephone:    (312) 222-9350