Martin v. Washington Post Company et al                                                                                      Doc. 8
       3:09-cv-03295-JES-CHE   # 8   Page 1 of 7
                                                                                    **E-FILED**
                                                                    Monday, 21 December, 2009  02:18:56 PM
                                                                            Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDY MARTIN, | ) |
|      **Plaintiff,** | ) |
| v. | ) |
| WASHINGTON POST COMPANY, | )   Case No.  3:09-cv-03295-JES-BGC |
| DANIEL MORSE, SCOTT SHIRLEY | ) |
| d/b/a/ ADR PRODUCTIONS, GOOGLE , | )   Magistrate Judge Byron G. Cudmore |
| INC., JOHN GILCHRIST, A/K/A JOHN | ) |
| BORLAZA, JIM BROSEMER, | ) |
| MONTGOMERY COUNTY, | ) |
| MARYLAND, JOHN J. MCCARTHY, | ) |
| JOHN DOE AGENT OF MARK KIRK | ) |
| and/or BARACK HUSSEIN OBAMA, | ) |
| WILLIAM G. SIMMONS, EUGENE | ) |
| WOLFE, and CHERYL MCCALLY, | ) |
|      **Defendants.** | ) |

### MEMORANDUM OF GROUNDS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION

NOW COMES Defendant MONTGOMERY COUNTY, MARYLAND (hereinafter identified as "Montgomery County"), by and through its counsel, Thomas W. Kelty, Kelty Law Office, and, pursuant to the Federal Rules of Civil Procedure, hereby submits the following *Memorandum of Grounds and Authorities in Support of its Motion to Quash Service of Summons and to Dismiss Complaint for Lack of Personal Jurisdiction*.

Dockets.Justia.com

## I. STATEMENT OF THE CASE

Plaintiff, Andy Martin, filed this lawsuit in the Circuit Court for the Seventh Circuit of Illinois on or about September 4, 2009. Defendant Montgomery County received a copy of the Summons and Complaint by mail at the Office of the County Executive in Rockville, Maryland, on November 12, 2009. This lawsuit names eleven (11) Defendants and arises out of what Plaintiff calls a "mini-Watergate scandal." The lawsuit does not indicate what Plaintiff's connection is to the State of Illinois. Defendant Montgomery County is a charter county located in the State of Maryland. The claim against Defendant Montgomery County is that it failed to protect Plaintiff's rights when he filed a consumer protection complaint with the County's Office of Consumer Protection. However, as set forth below, Montgomery County has no contacts and conducts no business in the State of Illinois, and there is no indication that the County committed any tort in the State of Illinois. As such, no state court in Illinois has personal jurisdiction over Defendant Montgomery County in this matter.

## II. FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges that on or about April 3-4, 2009, he organized a political conference held in Washington, D.C., to address "Barack Obama and his missing birth certificate." (Complaint, p. 4, para. 3.a.A). Plaintiff claims that he entered into an agreement with Defendant John Gilchrist/John Borlaza (hereinafter referred to as "Gilchrist/Borlaza") to tape Plaintiff's conference. Pursuant to their contract, Defendant Gilchrist/Borlaza hired Defendant Scott Shirley, d/b/a ADR Productions (hereinafter referred to as "Shirley") to tape said conference. (Complaint p. 4, para. 3a.E). Apparently, a dispute arose over the taping of the project Defendant Shirley was hired to complete for Plaintiff.

As a result of this alleged contract dispute noted above, Plaintiff alleges that he complained to the Montgomery County Office of Consumer Protection about Defendant Shirley. (Complaint p. 7, para. 3c.B). The Montgomery County Office of Consumer Protection responded to Plaintiff's Complaint by sending a letter to Plaintiff in New York at an address presumably supplied by Plaintiff. (Complaint, Ex. D, letter from Montgomery County Office of Consumer Protection to Andy Martin dated July 29, 2009.) Plaintiff claims that Defendant Montgomery County failed "to protect Plaintiff's right to file a consumer complaint without fear of harassment from the corrupt governmental structure of the county." (Complaint p. 3, para. 2f.) However, other than this one conclusory allegation, there are no factual allegations to support any tortious conduct committed by Defendant Montgomery County. Based on the information contained in Plaintiff's Complaint, it appears that Mr. Martin's only contact with Montgomery County was through his complaint to the Montgomery County Office of Consumer Protection.

Moreover, Plaintiff states that he was never "in the State of Maryland" (Complaint p. 7, para. 3c.A.) And as noted above, the Montgomery County Office of Consumer Protection sent its letter to Plaintiff in New York. Furthermore, based on the forms Plaintiff attached as Exhibits E and F of his Complaint, it appears his only contact with Maryland was through Defendant Shirley's company, ADR Productions, which is located in Rockville, Maryland. (see Complaint, Ex. E, e-mail from the Better Business Bureau to Andy Martin dated July 27, 2009, and Exhibit F, letter to Scott Shirley to Andy Martin dated August 4, 2009.) Significantly, there are absolutely no factual allegations showing any contacts by Montgomery County in the State of Illinois.

### III.  ARGUMENT

A.  **The Court Lacks Personal Jurisdiction over Nonresident Defendant Montgomery County, Maryland**

The issue raised by Plaintiff's Complaint is whether the state court of Illinois is authorized to exercise personal jurisdiction over nonresident Montgomery County. In order for Illinois to have personal jurisdiction over Montgomery County, Plaintiff much invoke the Illinois Long-Arm Statute and state a factual basis for the exercise of personal jurisdiction over Defendant. Pursuant to Illinois' Long-Arm Statute, 735 ILCS 5/2-209, this Court may exercise personal jurisdiction over a nonresident defendant if the defendant engaged in one of the jurisdictional acts enumerated in the statute and the exercise of long-arm jurisdiction is consistent with due process safeguards. *Brainerd v. Balish,* Ill. App. 3d 836, 115 Ill. Dec. 792, 518 N.E.2d 317 (1 Dist. 1987). The Illinois Long-Arm statute provides, in part, that the state court in Illinois can exercise jurisdiction over nonresidents, such as Defendant Montgomery County, who transacted business in Illinois or committed a tort there. *Heil v. Morrison Knudsen corp.*, 863 F.2d 546 (7th Circ. 1988). Thus, in order for this Court to have personal jurisdiction over Montgomery County, the cause of action against Montgomery County in the instant case must arise either from the County's transaction of business in Illinois or the commission of a tortious act by Montgomery County in Illinois.

In this case, there can be no doubt from the allegations in the Complaint that Defendant Montgomery County neither transacted business nor committed any tortious acts in the State of Illinois. There are no allegations in the Complaint to show that Montgomery County had any involvement whatsoever with the State of Illinois. Furthermore, there is no indication that Montgomery County had any business relationship with Plaintiff in the State of Illinois. After

receiving a consumer complaint from Plaintiff, the Montgomery County Office of Consumer Protection responded by sending him a letter in New York. (See Complaint, Exhibit D). Mailing a response letter to the Plaintiff in New York certainly does not establish a business relationship between the parties nor does it meet the standard required for the "transaction of business) with Illinois.

Secondly, Plaintiff's cause of action against Defendant Montgomery County, to the extent there is even a stated claim, does not arise from the commission of a tortious act by Montgomery County within the State of Illinois. Plaintiff's Complaint merely alleges that Montgomery County failed "to protect Plaintiff's right to file a consumer complaint without fear of harassment from the corrupt governmental structure of the county." (Complaint p. 3, para. 2f.) Defendant is left to speculate as to what the cause of action is in this case against Montgomery County. But more importantly from a personal jurisdiction viewpoint, even if there is some valid claim here, the Complaint is devoid of any allegation that the supposed tortious act occurred in the State of Illinois.

Plaintiff bears the burden of proving that personal jurisdiction exists, and must state a factual basis for the exercise of that personal jurisdiction over the Defendant. (See e.g., *Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd.* 776 F. Supp. 1271 (N.D. Ill. 1991); *General Elec. Railcar Servs. Corp v. Wilmington Trust Co.*, 208 Ill. App. 3d 459, 153 Ill. Dec. 442, 567 N.E. 2d 400 (1 Dist. 1990), cert. denied, 139 Ill. 2d 595, 159 Ill. Dec. 106, 575 N.E.2d 913 (1991). Plaintiff has failed to prove that a basis exists for asserting long-arm jurisdiction over Montgomery County. Plaintiff has failed to allege specific facts demonstrating that Montgomery County transacted any business in Illinois or ever availed itself of the benefits and protections of the laws of Illinois which would justify long-arm jurisdiction. Plaintiff has also failed to allege that Montgomery County committed

a tortious act within the State. Consequently, the state court in Illinois lacks personal jurisdiction over Defendant Montgomery County, as does this Court.

Therefore, since Montgomery County did not perform any of the acts enumerated in the Illinois Long-Arm Statute that would authorize the State of Illinois to exercise personal jurisdiction over a nonresident Defendant, and Montgomery County did not commit any tort with the the State of Illinois, service of the summons should be quashed and the case should be dismissed against Montgomery County.

## IV.  CONCLUSION

WHEREFORE, based on the foregoing, Defendant Montgomery County, Maryland, requests this Court to quash the service of the Summons and dismiss the Complaint against it with prejudice and grant such further relief as this Court deems appropriate.

Respectfully submitted,

**MONTGOMERY COUNTY, MARYLAND, Defendant**

   /s/ Thomas W. Kelty
It's Attorney

Thomas W. Kelty, No. 1441337
Kelty Law Office
Attorney for Defendant
   Montgomery County, Maryland
P.O. Box 2243
Springfield, IL  62705
Telephone: 217/789-8901

| | |
|---|---|
| **STATE OF ILLINOIS** | ) |
| | ) SS. |
| **COUNTY OF SANGAMON** | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above instrument was filed electronically with the Court on December 21, 2009 and shall be served to the following parties electronically:

Donald M. Craven
Donald M. Craven, P.C.
1005 North Seventh Street
Springfield, Illinois 62702

and shall be mailed via first class mail on December 21, 2009 to:

Andy Martin
30 East Huron Street
Suite 4406
Chicago, IL  60611-4723

                                                /s/ Thomas W. Kelty