**E-FILED**
Monday, 21 December, 2009 02:53:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDY MARTIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WASHINGTON POST COMPANY, | ) Case No. 3:09-cv-03295-JES-BGC |
| DANIEL MORSE, SCOTT SHIRLEY | ) |
| d/b/a/ ADR PRODUCTIONS, GOOGLE , | ) Magistrate Judge Byron G. Cudmore |
| INC., JOHN GILCHRIST, A/K/A JOHN | ) |
| BORLAZA, JIM BROSEMER, | ) |
| MONTGOMERY COUNTY, | ) |
| MARYLAND, JOHN J. MCCARTHY, | ) |
| JOHN DOE AGENT OF MARK KIRK | ) |
| and/or BARACK HUSSEIN OBAMA, | ) |
| WILLIAM G. SIMMONS, EUGENE | ) |
| WOLFE, and CHERYL MCCALLY, | ) |
| | ) |
| Defendants. | ) |

**COMBINED MOTION AND SUPPORTING MEMORANDUM
OF DEFENDANT MONTGOMERY COUNTY TO DISMISS THIS ACTION
FOR PLAINTIFF'S VIOLATION OF INJUNCTION ORDER REQUIRING
PLAINTIFF TO DISCLOSE HIS PRO SE LITIGATION HISTORY**

NOW COMES Defendant Montgomery County, Maryland ("Montgomery County"), by its attorney, Thomas W. Kelty, Kelty Law Office, and respectfully moves this Court for entry of an order (i) dismissing this action with prejudice as a sanction for Plaintiff's violation of a final permanent Injunction Order that imposes restrictions on his filing of new lawsuits, and (ii) deferring briefing on *Defendant Montgomery County's Rule 12 Motion to Dismiss Or, In the Alternative, Motion to Transfer Under 28 U.S.C. § 1404 and to Defer Briefing on This Motion Pending Ruling* (the "Rule 12 Motion"). Montgomery County respectfully submits that the Court should rule on the instant Motion before ordering briefing on the Rule 12 Motion because this Motion addresses

whether the Court should even allow Martin to maintain this action when he has filed it in violation of a federal Injunction Order against him, and because the Rule 12 Motion will be moot if the Court grants this Motion.  In support of this Motion, Montgomery County states as follows:

## INTRODUCTION

This lawsuit is filed by a repeatedly-sanctioned *pro se* litigant, Andy Martin ("Plaintiff").[1] Plaintiff has filed countless *pro se* lawsuits in courts around the country.

In his Complaint in this case, plaintiff has sued, among others, Montgomery County, Maryland, because it is the forum for Defendant Scott Shirley's lawsuit against Martin; three Montgomery County judges who have heard portions of that lawsuit; the State's Attorney for Montgomery County; Scott Shirley, a videographer with whom he apparently has a dispute over ownership of a videotape, which led to litigation between them; Google (based on its ownership of YouTube, which allegedly posted the videotape in issue), Daniel Morse, who is a reporter for the Washington Post, the Washington Post and others.

1.  Plaintiff's penchant for filing harassing and frivolous lawsuits like this one led a federal court to enter a permanent injunction that requires Plaintiff, among other things, to attach to any new complaint he files, in any state or federal court, an informational statement detailing his vexatious litigation history.  This injunction has been affirmed by the United States Court of Appeals, and is final and binding.  Nonetheless, Plaintiff has repeatedly violated that injunction order in *pro se* lawsuits he has filed across the country.  Recently, he has repeatedly violated that

---

[1]  Plaintiff was formerly known as Anthony R. Martin-Trigona.  Plaintiff has filed many of his lawsuits under that name.  *Martin v. State*, 833 So.2d 756, 760 n.2 (Fla. 2002) ("Martin has filed literally thousands of lawsuits across the nation and is particularly malicious in his abuse").

Injunction Order in Illinois through lawsuits he has filed, including *this action*, by intentionally refusing to submit the court-ordered informational statement with his Complaint.

2. Courts across the country which have become aware of identical violations have exercised their inherent authority to control their own dockets and dismissed Plaintiff's *pro se* lawsuits as a sanction for his violations of the Injunction Order. Plaintiff's actions here are all the more brazen considering that numerous judges in Illinois have recently dismissed his lawsuits based on his violation of the same injunction order. Defendant respectfully submits that this Court should again exercise its authority and dismiss this action with prejudice as a sanction for Plaintiff's continuing violation of the Injunction Order in this action.

3. Defendant also requests this Court defer briefing on the Maryland County Rule 12 Motion until after the Court rules on his request that the Court dismiss this action for Plaintiff's non-compliance with the Injunction Order. Defendant respectfully submits that it should not be required to incur the burden of responding to a complaint that Plaintiff seeks to prosecute in this Court in violation of an Injunction Order.

**Plaintiff's Long History of Abusive Litigation and Sanctions**

For more than three decades, Plaintiff has been an abuser of the judicial process through his filing of countless *pro se* lawsuits and other misconduct. His previous actions have included claims of a "Jewish conspiracy of bankruptcy judges and lawyers", complaints against former Presidents Ronald Reagan, Jimmy Carter and Gerald Ford, the State Department, the FCC, law firms representing opposing parties, judges, public officials, public agencies, and news organizations based upon a variety of conspiracy and other theories. *Martin-Trigona v. Capital Cities/ABC, Inc.*, 546 N.Y.S.2d 910, 912 (N.Y. Sup. Ct. 1989). "In short, Anthony Martin-Trigona will file suit

against anyone who does not acquiesce in whatever claim he asserts, regardless of the objective facts." *Martin-Trigona*, 546 N.Y.S.2d 912.

Courts across the nation have condemned Plaintiff's abuse of the court system. For example, the Supreme Court of Florida held that as a sanction for Plaintiff's repeated abuse of the legal process, the clerk of the Florida Supreme Court would be instructed not to accept *pro se* writ petitions filed by Plaintiff unless they were legitimate petitions for habeas corpus or were accompanied by the appropriate filing fee:

> [Plaintiff] is one of this State's most active, as well as abusive, *pro se* litigants…This Court has the authority, perhaps even the duty, to stop litigants like Martin from abusing it and the people, as the Second Circuit put it, "who have unluckily crossed his path."…Martin has not mended his ways or decreased his filings at all, despite having already been sanctioned by several courts, both state and federal. (internal citation omitted).

*Martin v. State of Florida*, 747 So. 2d 386, 387-92 (Fla. 2000).

4.  Similarly, the court in *Martin-Trigona v. Shaw,* 986 F.2d 1384, 1385-86 (11th Cir. 1993), in affirming dismissal of lawsuit of Plaintiff's mother because she acted at his behest or in concert with him to file the lawsuit in violation of the Injunction Order, noted:

> Anthony-Martin Trigona is a notoriously vexatious and vindictive litigator who has long abused the American legal system…The purpose, nature and effect of [plaintiff's] resort to multiple litigation has been to involve as many persons in as many confounding legal processes as possible….Volumes could be written about Anthony Martin-Trigona's vexatious lawsuits, but any such a treatise would have to contain annual pocket parts to provide any hope of keeping current.

5.  In *In re Anthony R. Martin-Trigona*, 139 B.R. 69, 70 (D. Conn. 1992), the Court, in denying Plaintiff's motion to modify injunction against him, noted:

> What Mr. Martin-Trigona has done has been to subvert so substantially the purposes of the legal process as to be deemed

properly stripped of the opportunity to continue to do so. He has thus burdened the courts, obstructed others from their entitled enjoyment of their rights and threatened others with loss of their rights. He has offended, hounded, interfered without right, and succeeded in making life miserable without justification for many. He has earned the burden imposed on him, not only in the restriction of his access to courts, but in the requirement that courts where he proposes to file litigation be appraised of his history of litigation. The burden on him is justified in the record and nothing he has offered warrants relieving him of it.

6. In *Capital Cities/ABC, Inc.,* 546 N.Y.S.2d 912, the court, in finding Plaintiff's shareholder suit "baseless" and imposing sanctions upon him, held:

> Anthony Martin-Trigona's history demonstrates a pattern of commencing claims without any legitimate basis as a means of harassing his adversaries. This court has the same interest in preventing the harassment of innocent victims of Anthony Martin-Trigona through abuse of the court system that the federal courts have. It has the same interest in preventing the waste of judicial resources taken up by Anthony Martin-Trigona that are stolen from the general public and the other litigants who have genuine claims.

Many of Plaintiff's frivolous *pro se* complaints flow from his unabashed attempts for publicity. Plaintiff has unsuccessfully run for various public offices (including for President) at least fourteen times, conjures up enemies, and attacks them with harassing complaints, which he publicizes via "press releases" or notices on his blogs.[2] As one federal judge aptly summarized:

---

[2] In connection with his candidacy for the 2006 Republican gubernatorial nomination in Illinois (a race in which he failed to garner even 1% of the vote), plaintiff filed numerous lawsuits throughout the State of Illinois against various media entities and public officials. Each case was dismissed. Theses cases include (i) a lawsuit in Sangamon County, captioned *Andy Martin v. The Associated Press*, No. 2006-MR-104, in which plaintiff sued the Associated Press for defamation based exclusively on its description of him as a "little known" candidate; (ii) a lawsuit in Lake County, captioned *Andy Martin v. Daniel J. Schmidt, et. al.*, No. 06-CH-428, in which he sued the Chicago public broadcasting television station for allegedly conspiring with "right wing extremists" to exclude him from a broadcast debate; (iii) a lawsuit in Champaign County, captioned *Andy Martin v. Harold Baker*, No. 06-L-17, in which plaintiff sued federal and state judges, the county sheriff

> [Martin-Trigona] is a litigious individual who likes publicity. . . . When he isn't filing frivolous lawsuits and/or running for public office, Martin-Trigona amuses himself by taking ridiculous public actions and making outrageous public statements to the press. . . . [Martin-Trigona] is the source of literally hundreds of lawsuits, motions and miscellaneous pleadings, all but a small fraction of which lack any merit whatsoever. Viewing Martin-Trigona's litigious conduct in its entirety yields the inescapable conclusion that he persistently resorts to legal processes without regard to the merits of the claims asserted and that he invokes these processes largely to harass persons who have unluckily crossed his path.

*Martin-Trigona*, 1991 WL 125954, at *1-2. This judicial finding from 1991 is as applicable today as it was then. Most recently, in further attempts to put himself in the news, Plaintiff filed a *pro se* lawsuit in Hawaii seeking President Obama's birth certificate (which was dismissed), and a lawsuit in Springfield to block impeachment proceedings against Governor Rod Blagojevich. In recent years, he has sued the Chicago Tribune, the Associated Press, the New York Times, Rupert Murdoch, Keith Olbermann of MSNBC, the press secretary to the President, editorial page writers, American Express, and a wide array of other perceived enemies (now including the Washington Post). All of these cases have been dismissed.

7. Plaintiff's abusive use of litigation to advance his personal and publicity agendas has led numerous state and federal courts to sanction Plaintiff for filing countless meritless lawsuits *pro se*. For example, he has been <u>permanently enjoined</u> from making any *pro se* filings in the state courts of New York and Florida without prior judicial approval. *See Capital Cities/ABC, Inc.,* 546 N.Y.S.2d 912; *Martin v. State*, 833 So.2d 756, 760 (Fla. 2002).

8. Moreover, Plaintiff's disregard for judicial authority has resulted in various other contempt orders and sanctions. For example, in 2003, the Presiding Judge of the Law Division of

---

and state's attorney, among others, as a "courthouse gang" who conspired to harm his campaign; and (iv) a lawsuit, initially filed in Lake County, captioned *Martin v. Chicago Tribune et al.*, No. 06-CH-11621, challenging newspaper reports on the results of a gubernatorial candidates poll. This lawsuit, discussed in more detail below, was dismissed with prejudice, in part because of plaintiff's violation of the permanent injunction against him.

the Circuit Court of Cook County, Illinois entered a sanctions order against him in *Martin v. LaSalle Bank, et al.*, 01-L-15132, prohibiting Plaintiff from filing *any* new pleading or complaint in Cook County without leave from the Chief Judge. That presumably is why he moved his litigation mill to DuPage County and now Sangamon County - counties in which he does not even reside.

### The Permanent Injunction Against Plaintiff Applicable To All New Lawsuits

9.       In 1983, the United States District Court for the District of Connecticut, citing Plaintiff's abuse of the litigation process, made detailed findings about Plaintiff's history as of that time, including the following:

> [Plaintiff] has pursued his numerous legal actions with persistence, viciousness, and general disregard for decency and logic.…His tour through the court system is marked by a persistent refusal to cooperate with court orders and purposeful efforts to delay and jaundice court proceedings.…[Plaintiff's] recent suits have taken on the ugly taint of anti-Jewish bigotry and suggest a substantial deterioration of an already problematic personality.  In one such action…he referred to [a judge] as a "crooked, slimy Jew, who has a history of lying and thieving common to members of his race."…[F]or those victimized by his accusations, including the system for the administration of justice in this District and other jurisdictions where he may bring actions or otherwise interfere in ongoing litigation, there can be no adequate remedy at all.…The persistence of his litigation thus constitutes an irreparable injury to those who become mired in it.

*In re Martin-Trigona*, 573 F. Supp. 1245, 1261-67 (D. Conn. 1983). Subsequently, that Court found that Plaintiff had a "well-documented practice of abusing his imagined enemies through legal process" and a "penchant for viciously abusing and harassing opposing parties, counsel…and anyone [else] who so much as crosses his path." *In re Martin-Trigona*, 592 F. Supp. 1566, 1568-69 (D. Conn. 1984).

10.     Based on these findings, the Federal District Court issued an Order of Permanent Injunction ("Injunction Order"). The Injunction Order expressly applies to Plaintiff's initiation of any lawsuit or action in any *state* or federal court. Because of Plaintiff's penchant for abusing the legal system, the Injunction Order requires Plaintiff to attach to any new filing an "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant to Court Orders" ("Informational Statement"), identifying his vexatious litigation history:

> In filing or causing to be filed any document that commences a new lawsuit…in any *state*, county…or other non-federal court…Anthony R. Martin-Trigona…shall attach to any such document [the Informational Statement], whose text shall read as follows: [details of injunction omitted; emphasis added].

*Id.* at 1573. Plaintiff appealed this injunction, but the United States Court of Appeals affirmed it. 763 F.3d 140 (2d Cir. 1985), *cert. denied,* 474 U.S. 1061 (1986). Plaintiff has never secured an order vacating the Injunction Order, which remains final and binding on him.

## I. THIS COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE BASED ON PLAINTIFF'S VIOLATION OF THE INJUNCTION ORDER.

11.     It is well-established that a court has the inherent authority to sanction a Plaintiff, including by dismissing his Complaint with prejudice, who fails to comply with court orders or shows deliberate disregard for court authority. *E.g., Martin-Trigona v. Gellis & Mellinger*, 830 F.2d 367, 369 (D.C. Cir. 1987) (dismissing Complaint for Plaintiff's failure to abide by Injunction Order); *In re Anthony R. Martin-Trigona*, 795 F.2d 9, 12 (2d Cir. 1986) ("we believe it necessary once again to exercise our inherent power to protect our jurisdiction from [the] vexatious conduct" of Plaintiff); *Martin v. Akerson*, No. 08-C-3812 (N.D. Ill.) (Oct. 21, 2008 Order); *Martin v. Brock*, 07-C-3154 (N.D. Ill.) (June 25, 2007 Order) (dismissing Complaint for Plaintiff's failure to abide by Injunction Order); and *Martin v. US Dep't of State*, 245 F. Supp. 2d 92, 93-94 (D.D.C. 2003) (same).

12. In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may enter an involuntary dismissal of a case "[f]or failure of the plaintiff to prosecute or to comply with [the Civil Rules] or any order of the court." Courts have applied this rule to dismiss Martin's lawsuits for violation of the Injunction Order. See, e.g., *Martin-Trigona v. Gellis & Mellinger*, 830 F.2d 369; *Martin v. US Dep't of State*, 245 F.Supp.2d 93-94.

13. Plaintiff has repeatedly flouted the Injunction Order across the country by choosing not to attach the court-mandated Informational Statement to the countless lawsuits he has filed since the Injunction Order was entered. He has now filed at least thirteen lawsuits in Illinois since 2006 alone which did not attach the Informational Statement.

14. In most instances, Plaintiff has been able to get away with his violation of the Injunction Order because the Defendants and courts presumably were unaware of it. On occasion, however, courts from around the country presiding over Plaintiff's *pro se* lawsuits *have* become aware of the Injunction Order, and *have* invoked their inherent authority to sanction Plaintiff for his violation of that Order, including by dismissing his lawsuits.[3]

15. Moreover, in the past two years alone, federal and state courts in Illinois have dismissed Plaintiff's lawsuits for violation of the Injunction Order. In 2007, Plaintiff filed a *pro se*

---

[3] *E.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (affirming dismissal for plaintiff's failure to attach litigation history as required by Injunction Order); *Martin-Trigona v. Public Broadcasting Service,* 840 F.2d 11 (4th Cir. 1988) (same); *Martin-Trigona*, 830 F.2d 367, 369 (affirming dismissal for plaintiff's failure to comply with Injunction Order, and finding that plaintiff's "deliberate disregard of the court's authority and the force of its orders is so utterly inconsistent with the administration of justice and orderly conduct of business that it cannot be tolerated."); *Martin v. Suarez*, No. 05-CV-2194, 2007-WL-2572235 (N.D. Ohio Aug. 31, 2007) (same, and citing additional 6th Circuit decisions holding same); *Martin*, 245 F. Supp. 2d 92, 93-94 (same); *Martin v. Coca-Cola Co.*, 785 F. Supp. 3 (D.D.C. 1992) (same); *Martin-Trigona v. United States*, 779 F.2d 72, 74 (D.D.C. 1985) (same).

libel complaint in DuPage County, captioned *Martin v. Brock*, 07-L-435.  He chose not to attach the required Informational Statement to his complaint.  After the defendant removed the case to Federal Court, United States District Court Judge Manning dismissed Plaintiff's lawsuit as a sanction for his refusal to attach the Informational Statement.  *See Martin v. Brock*, 07-C-3154 (N.D. Ill.) (June 25, 2007 Order).  Plaintiff responded with a motion for Judge Manning to recuse herself for applying "racist justice."  In keeping with his disrespect for judicial authority, Plaintiff asserted that Judge Manning's actions "show that African-Americans are willing to corrupt and abuse their-public [sic] offices to defend their own sleazy candidate for office."

16.     In *Martin v. Chicago Tribune, et al.*, No. 06-CH-11621 (Cook County, Ill.), Plaintiff sued the Chicago Tribune and the Associated Press, among others, for news reports of a Republican gubernatorial primary poll without mentioning his name.  Plaintiff violated the Injunction Order in that case by refusing to attach the Information Statement to his original Complaint.  Upon learning of the Injunction Order from Defendants, the Court found that Plaintiff had filed his original Complaint "in violation of the terms of [the Injunction Order]….As a sanction for violation of this injunction th[e] Court denie[d] leave to file an Amended Complaint," and dismissed the action with prejudice. (*Id.*)

17.     In *Martin v. Akerson*, No. 08-C-3812 (N.D. Ill. 2008),  Plaintiff sued the entire board of directors of American Express Company in this Court because that company suspended his credit card account for his admitted nonpayment.  Plaintiff, again, chose not to attach the Information Statement to his Complaint.  After removing the case to Federal Court, Defendants argued, among other things, that the Court should dismiss the case with prejudice as a sanction for Plaintiff's violation of the Injunction Order.  United States District Court Judge Pallmeyer dismissed Plaintiff's lawsuit, noting that doing so "appears amply supported by Plaintiff's history."   Plaintiff then filed

a motion to vacate the dismissal order and to recuse Judge Pallmeyer, calling her a "biased judge." Judge Pallmeyer denied that motion.

18. Also last year, in *Martin v. New York Times Co. et al.*, No. 08-L-407 (DuPage County, Ill. 2008), Plaintiff sued the New York Times in DuPage County over a reference to him in an op/ed piece. Plaintiff again chose to violate the Injunction Order by refusing to attach the Information Statement to his Complaint. New York Times moved to dismiss as a sanction for Plaintiff's violation of the Injunction Order. The trial court granted the motion at a properly-noticed hearing in open court, which Plaintiff did not attend. Plaintiff then moved to vacate the dismissal order on the grounds that the hearing held in open court after proper notice was an *ex parte* communication because Plaintiff was on vacation when the notice of motion was served and was purportedly unaware of the hearing date. He also moved to disqualify the trial judge for bias for conducting a hearing on the properly noticed motion when Plaintiff failed to appear at the previously noticed hearing. The presiding judge expressly found that there was no *ex parte* communication and denied Plaintiff's motion.

19. More recently, Martin filed another lawsuit in DuPage County, captioned *Andy Martin v. Robert Gibbs, et. al.*, No. 09-MR-111, against, among others, The New York Times Company; the law firm that had represented that company in obtaining a dismissal of the earlier case against the New York Times; the Press Secretary to the President of the United States; Rupert Murdoch; MSNBC talk show host Keith Olbermann; the former head of the Florida Republican Party; a Florida editorial writer, and others. The New York Times moved to dismiss the lawsuit as

a sanction for Plaintiff's violation of the Injunction Order. The trial judge granted that motion and dismissed the Complaint.[4]

20.     This Court, like the many others cited above, should exercise its authority and dismiss this action with prejudice as a sanction for Plaintiff's violation of the Injunction Order. Plaintiff plainly knows his obligations under the Injunction Order, both from his appeal of the entry of that Order and from the many times victims of his abusive *pro se* cases have succeeded in obtaining sanctions for his violation of it, including on at least five occasions in Illinois since 2007. Nonetheless, Plaintiff has opted to intentionally violate his obligations under Injunction Order in this case by again refusing to submit the Informational Statement - a document designed to educate courts on the type of litigant before them. *See Martin v. US Dep't of State*, 245 F. Supp. 2d 93 ("Plaintiff failed to abide by the clear requirements of the injunction, and deprived this Court of the very details which would have been critical in deciding whether to grant leave to file the complaint.")

21.     The fact that Plaintiff may disagree with the Injunction Order is irrelevant. *See Lake Shore Asset Mgt. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 765 (7th Cir. 2007) ("Injunctions must be obeyed; there is no other alternative"); *Central States v. Crown Cork & Seal Co., Inc.,* No. 89-C-6943, 1990 WL 36268 (N.D. Ill. March 8, 1990) (unless and until an injunction is dissolved or modified by the issuing court or an appeal, parties are bound to abide by the injunction or may face contempt proceedings). The Injunction Order is final and binding, and Plaintiff must comply with it unless he convinces the court that entered it to vacate it. Instead,

---

[4] The trial court granted plaintiff an opportunity to cure the violation by filing an amended complaint that attached the required Informational Statement by a specified date. Martin failed (or refused) to do so, and his lawsuit was later dismissed with prejudice.

Plaintiff has chosen to disregard his obligations under the Injunction Order. Plaintiff's actions here plainly constitute "deliberate disregard" for the Injunction Order. This Court has the clear authority to dismiss this action with prejudice as a sanction for that conduct. It should exercise it promptly.

## II. THIS COURT SHOULD RULE ON THIS MOTION BEFORE REQUIRING BRIEFING ON MONTGOMERY COUNTY'S RULE 12 MOTION TO DIMISS

22. Contemporaneous with the filing of this Motion, Montgomery County has filed its *Rule 12 Motion to Dismiss or, in the Alternative, Motion to Transfer Under 28 U.S.C. §1404 and to Defer Briefing on this Motion* (the "Rule 12 Motion"). Montgomery County respectfully submits that the Court should defer briefing on the grounds for dismissal raised in Montgomery County's Rule 12 Motion until it rules on the instant motion. The Rule 12 Motion cites numerous grounds for dismissal -- ranging from the absence of personal jurisdiction, and improper venue, to the failure of each count of the complaint to state a plausible claim for relief.

23. As his litigation history shows, Plaintiff uses litigation to harass his perceived enemies. Even the most superficial review of the incoherent complaint that Plaintiff has filed in this action and the Rule 12 Motion reveal that Montgomery County will have numerous issues to raise justifying dismissal. Montgomery County submits that it should not be required to incur the substantial burden of briefing the issues raised in the Rule 12 Motion when Plaintiff has filed, and seeks to prosecute, this case in clear and intentional violation of a permanent injunction. Indeed, requiring Montgomery County to substantially respond to Plaintiff's improperly filed lawsuit with declarations and briefs will reward Plaintiff for violating the Injunction Order and give Plaintiff exactly what he wants - the power to inflict legal expense and inconvenience on a defendant while he uses this Court to litigate a case filed in contravention of a final Injunction Order against him.

24.     Even apart from this, the Rule 12 Motion will be moot if the Court grants the instant Motion. Accordingly, Montgomery County respectfully requests, as requested in the Rule 12 Motion, that this Court rule on this Motion before requiring briefing on the Rule 12 Motion.

## CONCLUSION

WHEREFORE, Defendant Montgomery County respectfully requests that this Court enter an order (i) dismissing this action with prejudice for Plaintiff's violation of the Injunction Order, and (ii) deferring further proceedings on the Rule 12 Motion until the Court has ruled on this Motion.

Respectfully submitted,

**MONTGOMERY COUNTY, MARYLAND, Defendant**

/s/ Thomas W. Kelty
It's Attorney

Thomas W. Kelty, No. 1441337
Kelty Law Office
Attorney for Defendant
  Montgomery County, Maryland
P.O. Box 2243
Springfield, IL  62705
Telephone: 217/789-8901

| | |
|---|---|
| STATE OF ILLINOIS | ) |
|  | )   SS. |
| COUNTY OF SANGAMON | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above instrument was filed electronically with the Court on December 21, 2009 and shall be served electronically upon the following parties:

Donald M. Craven
Donald M. Craven, P.C.
1005 North Seventh Street
Springfield, Illinois 62702

and shall be mailed via first class mail on December 21, 2009 to:

Andy Martin
30 East Huron Street
Suite 4406
Chicago, IL  60611-4723

                                                    /s/ Thomas W. Kelty