**E-FILED**
Monday, 21 December, 2009  02:56:00 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDY MARTIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON POST COMPANY, | ) | Case No.  3:09-cv-03295-JES-BGC |
| DANIEL MORSE, SCOTT SHIRLEY | ) | |
| d/b/a/ ADR PRODUCTIONS, GOOGLE , | ) | **Magistrate Judge Byron G. Cudmore** |
| INC., JOHN GILCHRIST, A/K/A JOHN | ) | |
| BORLAZA, JIM BROSEMER, | ) | |
| MONTGOMERY COUNTY, | ) | |
| MARYLAND, JOHN J. MCCARTHY, | ) | |
| JOHN DOE AGENT OF MARK KIRK | ) | |
| and/or BARACK HUSSEIN OBAMA, | ) | |
| WILLIAM G. SIMMONS, EUGENE | ) | |
| WOLFE, and CHERYL MCCALLY, | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MONTGOMERY COUNTY'S RULE 12 MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**
**UNDER 28 U.S.C. § 1404 AND TO DEFER BRIEFING ON THIS MOTION**

NOW COMES Defendant Montgomery County ("Montgomery County"), by its attorney,

Thomas W. Kelty, Kelty Law Office, and respectfully moves this Court for entry of an order,

pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure,

deferring briefing on this Motion until the Court has ruled on the *Combined Motion and*

*Memorandum of Defendant Montgomery County to Dismiss this Action for Plaintiff's Violation of*

*Injunction Order Requiring Plaintiff to Disclose His Pro Se Litigation History*" (the "Injunction

Violation Motion"), filed contemporaneously with this Rule 12 Motion, because the Injunction

Violation Motion addresses whether this Court should adjudicate Plaintiff's claims at all when

Plaintiff's filing of this action violates a final Federal Court injunction that imposes conditions on

Dockets.Justia.com

his right to file lawsuits or, ii) in the alternative, dismissing this action or, alternatively, transferring this action to the United States District of Maryland pursuant to 28 U.S.C. §1404.

## Montgomery County

Montgomery County, Maryland is a unit of local government established in accordance with statutes of the State of Maryland.

## The Plaintiff

The Plaintiff in this lawsuit is Andy Martin, a repeatedly sanctioned *pro se* litigant ("Martin"). According to one federal court, Martin has filed over a thousand *pro se* lawsuits. He has been barred from filing *pro se* lawsuits in several jurisdictions. He also has been sanctioned on numerous occasions and heavily criticized by courts in judicial opinions for his harassing and vexatious conduct in pursuing his *pro se* cases. Among other things, Martin is the subject of a final and binding federal court injunction that imposed on him, as a sanction for his abusive litigation misconduct, the obligation to attach to every complaint that he files, whether in any federal or state court, an informational statement that details his litigation history. *In re Martin-Trigona*, 592 F. Supp. 1566, 1568-69, 1573, *aff'd*, 763 F.2d 140 (2nd Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). Courts around the United States have dismissed his *pro se* lawsuits as a sanction for his violation of that injunction order. These matters are discussed in the Injunction Violation Motion that Montgomery County is filling contemporaneously with this motion. That motion demonstrates that this Court should exercise its inherent authority to dismiss this action -- before ordering any briefing on this Rule 12 Motion -- because Martin is improperly seeking to use this Court to prosecute it in violation of a final and binding injunction against him.

**The Complaint and Removal**

1.      Martin filed the Complaint *pro se* in this lawsuit in the Circuit Court for the Seventh Judicial Circuit of Illinois.

2.      On November 10, 2009, Montgomery County joined in the removal of this case from the state court where Martin filed it to this Court, pursuant to 28 U.S.C. §§ 1441(a).  All Defendants who had been served with process at that time gave written consent to the removal.

3.      The introduction to the Complaint (page 1), demonstrates the outlandish nature of this lawsuit.  Martin asserts that he is the victim of "a mini-Watergate scandal" involving his "political opposition."  The actual claims that he alleges arise out of a simple property dispute with Defendant Scott Shirley ("Shirley") involving the rights to a videotape that Martin hired Shirley to make of a "conference" Martin conducted concerning President Obama's birth certificate. According to the Complaint, Martin pursued consumer complaints against Shirley (the videographer), who then filed a lawsuit against Martin in the state court in Montgomery County, Maryland, which abuts Washington, D.C..  Based on this dispute, Martin has alleged a broad "criminal" civil rights conspiracy, claiming that other defendants have conspired with the judges and other officials in Montgomery County to interfere in Martin's candidacy for the United States Senate from Illinois.  (Complaint pp. 1-2, 7-11, 13-14.)  Martin has named as defendants in this action not only Montgomery County, Maryland, but also Shirley (the videographer with whom he has the dispute over ownership to the videotape), the judges who apparently have presided over his case in the Maryland litigation; the State Attorney for Montgomery County, Maryland; Google (based on its ownership of YouTube, which allegedly merely posted the videotape in question), and others.

4.      Among the many Defendants that Martin has sued in this lawsuit are Montgomery County, Maryland.  The only allegations against Montgomery County are:

a.      that "Montgomery County, Maryland is a defendant based on the failure of the county to protect Plaintiff's right to file a consumer complaint without fear of harassment from the corrupt governmental structure of the county." (Complaint p. 3, para. 2f);

b.      that "John J. McCarthy is the State Attorney of Montgomery County, and has refused to investigate the violations of Plaintiff's rights by Shirley and others." (Complaint p. 3, para. 2g);

c.      that "when Shirley did not return phone calls or respond to emails concerning the missing tapes, Plaintiff eventually complained to Montgomery County, Maryland, (Exhibit D) and the Greater Washington Better Business Bureau ("BBB") (Exhibit E)." (Complaint p. 7, para. 3cB);

d.      that "Shirley knew what he was doing when he went shopping for judges in the highly partisan Democratic Party-dominated Maryland judiciary." (Complaint p. 8, para. 3dD);

e.      that "Shirley, through his new sponsors and behind-the-scene political influence from Democrats, was using Maryland's Democratic judges to politically harass Plaintiff . . .". (Complaint p. 8, para. 3dF);

f.      that "Shirley's farce in Montgomery County courts had been and continues to be a charade to use Maryland judges as part of Shirley's political conspiracy to harass and attack plaintiff, initially with bogus legal proceedings and, when that approach failed, with attack ads which were based on the theft and misuse of Plaintiff's intellectual property." (Complaint p. 11, para. 3fC);

g.      that "the actions of defendants constitute a classic civil rights conspiracy, using bogus legal proceedings and other activity to corrupt local Democratic Party officials in order to harass a federal candidate of the Republican Party, all 'under color of' state law." (Complaint p. 13, para. 4c); and

h.      that the defendants' ongoing activity is a classic case of prima face tort, because their activity represents the quintessential type of political dirty tricks using judges and corrupt public officials that are universally condemned by American society." (Complaint p. 15, para. 4b).

5.      The five-count Complaint itself is virtually incomprehensible.  It purports to state claims for damages relating to ownership of the videotape in issue, but then asks for unspecified "declaratory and equitable relief" from "all of defendants" in every count, even though there are no separate allegations directed at specific defendants pertaining to most of the claims asserted.

## Location of the Parties and Events

As the face of the Complaint reveals, none of the defendants is alleged to be a resident or citizen of Illinois.  They plainly are not.  Moreover, the Complaint does not allege a single event that physically took place in the State of Illinois.  To the contrary, the Complaint reveals that the focus of the dispute at issue is the case filed Montgomery County, Maryland, where Martin pursued a consumer complaint against the local videographer, who responded by filing a lawsuit in that county's court against Martin.  In response, Martin has now sued Montgomery County, Maryland, its sheriff, and the local judges handling his case in this action.  The Complaint alleges no facts showing any contacts between Montgomery County (or any other defendant) and Illinois.  The signature block on his *pro se* complaint first lists plaintiff's address as a post office box for the "National Litigation Center" in New York City, and then lists an address at the "Regional Litigation

Support" in Chicago, Illinois, where Martin sometimes resides  The Complaint does not allege any facts tying this lawsuit to Springfield, Illinois, where he filed this lawsuit.

## Rule 12(b) Motions to Dismiss

The Court should dismiss this action under Rule 12 on one or more of the grounds discussed below.

## The Rule 12(b)(5) Grounds

This Court should dismiss this action under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service.  Under Rule 4(e)(1), a defendant must be served either as permitted by state law in the state where the district court is located (Illinois in this case) or where service has been made (here, Maryland), or under Rule 4(b)(2), by personal service on the defendant, service at the defendant's dwelling or usual place of abode with someone of suitable age residing there, or by service on an agent of the defendant authorized by law or appointment to receive it.  The service on Montgomery County did not comply with any of these requirements, rendering the purported service on it insufficient.

## Rule 12(b)(2) Grounds

The Court should dismiss this action as to Montgomery County for lack of personal jurisdiction under Rule 12(b)(2).  Martin purported to serve Montgomery County, a unit of local government of the State of Maryland, in Maryland.  Martin has failed to plead any facts in his Complaint showing that this Court has personal jurisdiction over Maryland County for such out-of-state service under the Illinois "long-arm" statute, (735 ILCS 5/2-209) based on acts in Illinois which would submit it to jurisdiction of Illinois courts, and the exercise by courts in Illinois of jurisdiction over it would violate the Due Process Clause of the United States Constitution.

**Rule 12(b)(3) Grounds and Alternative Motion to Transfer**

This Court should dismiss this action for improper venue under Rule 12(b)(3).  Under 28 U.S.C. §1391(b), in a civil action, like this, where jurisdiction is not founded solely on diversity jurisdiction, venue is proper only in a district where (1) "any defendant resides; if all defendants reside in the same State," or (2) a district in which "a substantial part of the events or omissions giving rise to the claim occurred . . .," or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  The Complaint does not allege any facts showing that venue would be proper under these standards in this district, which encompasses Springfield, Sangamon County, Illinois, where Martin initiated this action.  He cannot allege such facts because the dispute has no ties to this district, in which Martin himself does not even reside.

In the alternative, even if venue in this district were proper, this Court is empowered to, and should, transfer this action to the District of Maryland under 28 U.S.C. §1404(a) for "the convenience of parties and witnesses" and in "the interest of justice."  The entire basis of this lawsuit is Martin's dispute with the videographer over the videotape of his "conference" held in Washington, D.C., and the ensuing litigation in Montgomery County, Maryland.  No party resides in this district; no non-party witness to the conduct alleged even resides in the State of Illinois, let alone in this district; and the Complaint does not suggest any connection at all to this district, in which Martin himself does not even reside.

**Rule 12(b)(6) Grounds**

This Court should dismiss each count of the Complaint under Rule 12(b)(6) for failure to state a claim against Montgomery County.  Each count of the Complaint seeks identical relief from Montgomery County and all Defendants (other than Shirley and Brosemer): "any and all declaratory

and equitable relief to which he may be entitled from all Defendants, jointly and severally, known

and currently unknown ("John Doe agent of Mark Kirk and/or Barack Hussein Obama")."  Each

count fails to allege facts showing that Martin has a plausible claim for relief against Montgomery

County.

### Count One

The Complaint asserts an "Ownership Claim" in Count One.  That count apparently seems

to allege that Martin, and not Shirley, owns the rights to the videotape that Shirley made of Martin's

conference, but does not specify any recognized legal theory.  (Complaint p. 12.)  This Court should

dismiss Count One for failure to state a claim for, among other reasons, the following:

> Count One fails to allege any facts showing Montgomery County has
> retained the videotape, claims any interest to it, or has converted it.
> As a result, Martin has not pled a plausible claim against
> Montgomery County relating to ownership of the tapes at issue; and

> Count One fails to allege facts showing that Martin has a plausible
> claim for equitable or declaratory relief against Montgomery County.

### Count Two

Count Two purports to state a claim for a civil rights conspiracy against all defendants for

"using bogus legal proceedings and other activity to corrupt local Democratic Party officials in order

to harass a federal candidate of the Republican Party, all 'under color of' state law."  The Court

should dismiss Count Two for failure to state a claim against Montgomery County for, among other

reasons, the following baseless allegations:

> that (i) "Montgomery County, Maryland is a defendant based on the
> failure of the county to protect Plaintiff's right to file a consumer
> complaint without fear of harassment from the corrupt governmental
> structure of the county." (Complaint p. 3, 2f); (ii) that "John J.
> McCarthy is the State Attorney of Montgomery County, and has
> refused to investigate the violations of Plaintiff's rights by Shirley
> and others." (Complaint p. 3, para. 2g); (iii) That the Complaint fails

to state a claim against Montgomery County because it does not allege any facts showing any actionable conduct by Montgomery County, whose only conduct alleged is interviewing Martin and reviewing documents for a possible news story; (iv) That the Complaint fails to allege facts showing a plausible claim that Montgomery County knowingly engaged in any conspiracy or engaged in any act under color of state law; (v) that the Complaint fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Montgomery County.

## Count Three

Count Three purports to state a claim for "conversion" based on Defendant Shirley's conversion of Martin's intellectual property and his alleged use of it to attack Martin on YouTube. This Court should dismiss Count Three for failure to state a claim for, among other reasons, the following:

It fails to allege any facts showing that Martin has a plausible claim for conversion against Montgomery County, in that it does not allege any facts showing that Montgomery County ever converted any property of Martin or participated in the YouTube posting; and

It fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Montgomery County.

## Count Four

Count Four purports to state a claim for "prima facie tort" under Illinois law. Count Four fails to state a claim against Montgomery County for, among other reasons, the following:

Neither Illinois nor Maryland law recognizes a cause of action for prima facie tort; and

It fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Montgomery County.

## Count Five

Count Five purports to state a claim for "breach of contract/third party beneficiary" relating to a contract between defendants Shirley and Gilchrist, claiming that Martin is a third-party

beneficiary and entitled to the videotapes that Shirley is withholding.  Count Five fails to allege facts showing that he has a plausible claim against Montgomery County for breach of contract for, among other reasons, the following:

> It does not allege facts showing that Montgomery County was a party to the allegedly breached contract, of which Martin supposedly is a third-party beneficiary; and

> It fails to allege facts showing that Martin has a plausible claim for injunctive or declaratory relief against Montgomery County.

### The Injunction Violation Motion to Dismiss

As discussed above, Montgomery County is also filing in this action its Injunction Violation Motion.  The Injunction Violation Motion requests that this Court exercise its inherent authority and dismiss this action with prejudice as a sanction for Martin's indisputable and brazen violation, in the filing of this case, of a final and binding injunction order, as many other courts have done.

As his litigation history shows, Martin uses litigation to harass his perceived enemies.  Even the most superficial review of his incoherent complaint and this Rule 12 Motion shows that his claims are riddled with procedural and substantive defects requiring dismissal of this action. Montgomery County respectfully submits that he should not be required to incur the burden of briefing all of the issues raised in this Motion when Martin has filed, and seeks to prosecute, this case in clear and intentional violation of a permanent injunction.  Instead, this Court should rule on the Injunction Violation Motion before requiring briefing on the instant Rule 12 Motion because the Injunction Violation Motion addresses whether Martin will be allowed to conscript this Court to hear his claims when the very filing of the lawsuit violates a final Federal Court injunction against him. Moreover, the instant Motion will be moot if the Court grants the Injunction Violation Motion.

WHEREFORE, defendant Montgomery County respectfully requests that this Court enter an order providing as follows:

   a.  that all further proceedings, including briefing, on this Motion are stayed pending resolution of the Injunction Violation Motion;

   b.  in the alternative, that this Court dismiss this action under Rules 12(b)(2),(3),(5) and/or (6);

   c.  in the alternative, that this Court transfer this action to the United States District Court for the District of Maryland under 28 U.S.C. §1401; and

   d.  that the Court order such other relief as it may deem just and proper.

        Respectfully submitted,

        **MONTGOMERY COUNTY, MARYLAND,**
        **Defendant**

         /s/ Thomas W. Kelty
        It's Attorney

Thomas W. Kelty, No. 1441337
Kelty Law Office
Attorney for Defendant
 Montgomery County, Maryland
P.O. Box 2243
Springfield, IL  62705
Telephone: 217/789-8901

**STATE OF ILLINOIS** )
                       )    **SS.**
**COUNTY OF SANGAMON** )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above instrument was filed electronically with the Court on December 21, 2009 and shall be served electronically upon the following parties:

Donald M. Craven
Donald M. Craven, P.C.
1005 North Seventh Street
Springfield, Illinois 62702

and shall be mailed via first class mail on December 21, 2009 to:

Andy Martin
30 East Huron Street
Suite 4406
Chicago, IL  60611-4723

                                  /s/ Thomas W. Kelty