Martin v. Washington Post Company et al
3:09-cv-03295-JES-CHE   # 16   Page 1 of 7
Doc. 16
E-FILED
Friday, 19 February, 2010   04:21:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-3295 |
| ) | |
| WASHINGTON POST CO., et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Andy Martin's Motion to Vacate Order of Dismissal and to Extend Time for Responses (d/e 15) (Motion to Vacate), and Motion to Clarify Notice in This Lawsuit (d/e 14) (Motion to Clarify). The Court interprets the Motion to Clarify as a notice to the Court that future correspondence, including notices and orders, should be sent to the Martin's post office box in New York, New York, listed on the Motion to Clarify. The Court allows this request and directs the Clerk to change the address to which correspondence will be sent to the New York post office box. The Motion to Clarify is denied to the extent that he seeks any other relief.

1

The Motion to Vacate states that Martin seeks relief from this Court's Text Order entered February 10, 2010 (Dismissal Text Order) pursuant to Federal Rule of Civil Procedure 59. The Dismissal Text Order dismissed Martin's claims against Defendants Daniel Morse, Scott Shirley, John Gilchrist, and Montgomery County, Maryland. A Rule 59 motion is not appropriate at this time because there has been no final judgment entered. Fed. R. Civ. P. 59(e). The Dismissal Text Order was an interlocutory order. Martin has alleged claims against several other Defendants that have not yet been resolved. Notice of Removal (d/e 1), attached Complaint; see Fed. R. Civ. P. 54(b). Relief under Rule 59, therefore, is not appropriate.

The Court, however, may reconsider any interlocutory order at any time. Fed. R. Civ. P. 54(b). The Court, therefore, interprets the Motion to Vacate as a motion to reconsider the Dismissal Text Order. Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Martin has failed to demonstrate a manifest error of law or fact and has failed to present any newly discovered evidence that merits reconsideration.

Martin filed this action in Sangamon County, Illinois, Circuit Court.

Complaint, at 1. Defendant Morse removed this action to this Court. Notice of Removal. From December 18, 2009, to December 21, 2009, Defendants Morse, Shirley, and Montgomery County, Maryland, filed Motions to Dismiss on various grounds (d/e 3, 4, 7, 9, 10, 12). Martin was obligated to respond to the Motions within fourteen days of service. If he did not do so, he was deemed to have no objection to the Motions. Local Rule 7.1(B)(2). Martin did not respond within the required fourteen days. This Court then specifically directed Martin to respond to these Motions by January 18, 2010, or the Court would deem that he had no objection to the Motions, and the Court would rule on the Motions without further notice to the parties. Text Order entered January 8, 2010. Martin did not respond by January 18, 2010.

Defendant Gilchrist also filed a pro se request to dismiss the case against him. The Clerk erroneously docketed the request as an answer rather than a motion to dismiss. The Court directed the Clerk to docket Gilchrist's motion correctly as a motion to dismiss and send a copy to Martin, and the Court directed Martin to respond by February 8, 2010. Text Order entered January 21, 2010. The Clerk then correctly docketed Gilcrhist's motion (d/e 13) and sent a copy to Martin. Martin did not

3

respond to Gilchrist's Motion to Dismiss, or to any of the Motions to Dismiss filed by any of these parties.

On February 10, 2010, this Court entered the Dismissal Text Order dismissing the claims against these Defendants. The dismissal was proper. Martin failed to comply with Local Rule 7.1(B)(2), and so, was deemed to have no objection to any of these Motions. This Court then gave Martin additional time to respond, but he simply failed to act. The Court sees no basis to reconsider given his failure to comply with the Local Rules or the orders of this Court. The Court, therefore, denies the Motion.

Martin complains that he did not receive any notices or orders from this Court. Martin listed on his Complaint his address as a post office box in New York, New York, and he also listed an additional address in Chicago, Illinois. <u>Notice of Removal (d/e 1)</u>, attached <u>Complaint</u>, at 17. Martin, however, listed only his Chicago, Illinois, address on the Summons to be served on the Defendants. <u>Notice of Removal</u>, attached <u>Summons</u>. Martin was required to place his correct address on the Summons. <u>Illinois Supreme Court Rule</u> 101(a). The Chicago address, therefore, was an appropriate address for notices in this case. The Clerk of this Court properly sent notices to the addresses listed on the Summons. There was no error.

4

Martin complains that he requested notice by facsimile transmission or email, but none was provided. The Complaint states under the signature block in all capitals and bold print, "**SERVICE OF NOTICES IS RESPECTFULLY REQUESTED BY FAX OR E-MAIL**." Complaint, at 17. This Court, however, only provides electronic notice through this Court's CM/ECF electronic filing system. A pro se plaintiff must secure leave of court to participate in the electronic filing system. Local Rule 5.6.[1] Martin did not file a motion for leave to participate in the electronic filing system. He, therefore, was not entitled to receive notice from this Court by electronic means. Martin is proceeding pro se, and so, is responsible to review and comply with this Court's rules and procedures. He did not receive electronic notice because he failed to comply with those rules and procedures. In the future, he should review these matters more carefully. There was no error.

Martin claims that the docket sheet for this case on the public PACER system contains nothing after December 21, 2009, so he could not have

---

[1] Local Rule 5.6 became effective on January 20, 2010. Emergency Order Adopting Local Rules, entered January 20, 2010. Before that date, this Court's Administrative Procedures required pro se plaintiffs to seek leave of court to participate in the electronic filing system. Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases (Revised October 22, 2007), § I.B.2.

received notice from that source. He attaches to the Motion to Vacate a printout from PACER dated February 15, 2010. <u>Motion to Vacate</u>, Exhibit D, <u>PACER Docket Sheet</u>. The attached PACER Docket Sheet only shows entries from the date of removal, November 10, 2009, to December 21, 2009. The Clerk's computer technical staff has reviewed the docket sheet on PACER and determined that all of the docket entries in this case are available on PACER, including those entered after December 21, 2009.

Martin could have produced the PACER Docket Sheet attached to the Motion to Vacate by placing date restrictions in his PACER search request to limit the request to entries between November 10, 2009, and December 21, 2009. The PACER Service Center Transaction Receipt (Transaction Receipt) would have stated whether Martin erroneously placed date restrictions in his request. Unfortunately, Martin did not include the full Transaction Receipt with Exhibit D, so the Court cannot ascertain whether he made this specific error, or some other error, when he viewed the Court's docket on PACER. Again, Martin is proceeding pro se, and so, is responsible to learn how to use PACER correctly. In the future, Martin should review the correct procedures for using PACER if he wishes to secure complete information through this source. Again, however, he has

presented no error of law or fact, or newly discovered evidence that merits reconsideration. The Court sees no basis for reconsidering the Dismissal Text Order. Martin's request is denied.

THEREFORE, Plaintiff Andy Martin's Motion to Vacate Order of Dismissal and to Extend Time for Responses (d/e 15) is DENIED. Plaintiff's Motion to Clarify Notice in This Lawsuit (d/e 14) is ALLOWED in part and DENIED in part. The Clerk is directed to change Martin's mailing address for notices, orders, and other correspondence regarding this case to: Andy Martin, P.O. Box 1851, New York, New York 10150-1851. The Motion to Clarify is otherwise denied.

IT IS THEREFORE SO ORDERED.

ENTER:  February 19, 2010

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
               UNITED STATES DISTRICT JUDGE